**OCEAN BREEZE FESTIVAL PARK, INC.,** Virginia Beach Policemen's Benevolent Association, Centurion Health and Welfare Benefit Plan, Plaintiffs,

v.

**Robert B. REICH,** Secretary of Labor, United States Department of Labor, Defendants.

Action No. 2:93cv1170.

United States District Court, E.D. Virginia, Norfolk Division.

May 27, 1994.

Wyatt B. Durrette, Jr., Stephen Gregory Reardon, Durrette, Irvin & Lemons, P.C., Richmond, VA, Michael T. Leibig, Zwerdling, Paul, Leibig, Kahn, Thompson & Driesen, P.C., Fairfax, VA, for plaintiffs.

Michael A. Rhine, Asst. U.S. Atty., Norfolk, VA, Robin A. Rosenbluth, U.S. Dept. of Labor, Office of Sol., Plan Benefits Sec. Div., Washington, DC, for defendants.

### OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This matter is before the court on defendants' motion to dismiss plaintiffs' complaint for lack of subject matter jurisdiction and because it fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(1), (6). Additionally, plaintiffs have submitted a motion requesting leave to amend their complaint, together with a copy of the proposed amended complaint.

## I. Facts and Procedural History

Plaintiff Ocean Breeze Festival Park, Inc. ("Ocean Breeze"), a corporation organized under the laws of Virginia, employs off duty Virginia Beach police officers as security personnel at Ocean Breeze Festival Park, an amusement park. Plaintiff Virginia Beach Policemen's Benevolent Association ("PBA") is a labor organization established to support Virginia Beach police officers and is the recognized collective bargaining representative of all security employees of Ocean Breeze, under an Agreement of Voluntary Recognition executed on October 20, 1992, pursuant to the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151, *et seq.* The Centurion Health and Welfare Benefit Plan ("Centurion Plan") is an employee health benefit plan established by Ocean Breeze and PBA. The Amended Complaint proposes as plaintiffs Robert Matthison and Michael F. Gelardi, who are joint trustees of the Plan and fiduciaries of the Plan under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 301, *et seq.*

On October 28, 1992, Ocean Breeze and the PBA entered into a valid collective bargaining agreement under the NLRA, 29 U.S.C. § 159(a). As of March 22, 1994, the negotiations for renewal and extension of the contract were complete. The agreement provides that, for the purpose of providing health care coverage, Ocean Breeze will make monthly payments to the Centurion Health Trust on behalf of security employees of Ocean Breeze. The PBA sought the health care benefits to offer a less expensive alternative to the health program currently available to Virginia Beach police officers through the City of Virginia Beach.

The Centurion Plan is an ERISA plan, and meets all the requirements for an employee

benefit plan under 29 U.S.C. §§ 1002–1003 [ERISA §§ 3–4]. ERISA contains a broad preemption provision, found in section 514(a), which provides that the statute "shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Thus, employee benefit plans, qualifying under ERISA, are subject exclusively to federal regulation. However, the statute provides a "savings clause" which states that nothing in ERISA "shall be construed to exempt or relieve any person from any law of any state which regulates insurance." *Id.* § 1144(b)(2)(A). ERISA specifically provides that multiple employer welfare arrangements (MEWAs) are subject to state laws which regulate insurance. *Id.* § 1144(b)(6)(A)(ii). A MEWA is defined as

an employee welfare benefit plan, or any other arrangement (other than an employee welfare benefit plan) which is established or maintained for the purpose of offering or providing any benefit described in paragraph (1) to the employees of two or more employers or to their beneficiaries, except that such term does not include any such plan or other arrangement which is established or maintained—

(i) under or pursuant to one or more agreements *which the Secretary finds to be collective bargaining agreements* . . . .

*Id.* § 1002(40)(A)(i) (emphasis added).

Seeking to escape state regulation, plaintiffs have written to the Secretary of Labor, requesting that he issue a determination letter stating that the Centurion Plan was established pursuant to a collective bargaining agreement. Despite repeated requests, the Secretary has not issued a letter regarding the status of the Centurion Plan. Plaintiffs claim that, based on defendants' refusal to issue an opinion letter, the Bureau of Insurance of the Commonwealth of Virginia has interfered with the Centurion Plan's issuance of coverage in Virginia. An April 20, 1993 consent decree from the Virginia State Corporation Commission prevents the Centurion Plan from enrolling any new participants who are residents of Virginia, unless and until the Plan obtains a definitive advisory opinion from the Department of Labor on the ques-

tion of whether it is maintained pursuant to a collective bargaining agreement.

After attempting one last time to obtain a letter from defendants, plaintiffs filed this suit, asserting jurisdiction under 29 U.S.C. § 1132(k) and 28 U.S.C. § 1331, and seeking one of the following forms of relief: (1) a declaratory judgment that the Centurion Plan was established pursuant to a collective bargaining agreement, (2) a writ of mandamus ordering the Secretary to make a determination that the Centurion Plan was established pursuant to such an agreement, or (3) an injunction requiring the Secretary to issue a letter stating the above conclusion. In addition, plaintiffs seek reimbursement of costs and attorneys' fees incurred in pursuing this action. Defendants filed a motion to dismiss on the grounds that this court does not have subject matter jurisdiction over plaintiffs' action and that the complaint fails to state a claim upon which relief can be granted.

## II. Standard of Review

On a motion to dismiss pursuant to Rule 12(b)(6), the court considers plaintiffs' allegations as true, and views the record as a whole in the light most favorable to them. *Schatz v. Rosenberg,* 943 F.2d 485, 489 (4th Cir.1991), *cert. denied,* —— U.S. ——, 117 L.Ed.2d 619 (1992). The court should not grant a motion to dismiss for failure to state a claim upon which relief can be granted, unless it appears " 'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir.) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)), *cert. denied,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978).

Federal courts are courts of limited jurisdiction, *Argentine Republic v. Amerada Hess Shipping Corp.,* 488 U.S. 428, 433, 109 S.Ct. 683, 687–88, 102 L.Ed.2d 818 (1989), and the plaintiffs, the parties asserting jurisdiction, bear the burden of proving that federal jurisdiction is proper. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir.1982). A

Rule 12(b)(1) motion may attack subject matter jurisdiction in two different ways. First, a Rule 12(b)(1) motion may attack the complaint on its face, asserting simply that the complaint "fails to allege facts upon which subject matter jurisdiction can be based." *Adams*, 697 F.2d at 1219. If such is the case, "the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a rule 12(b)(6) consideration." *Id.*

■ On the other hand, a Rule 12(b)(1) motion may attack "the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Fed. Sav. & Loan Ass'n.*, 549 F.2d 884, 891 (3d Cir.1977); *see Adams*, 697 F.2d at 1219. In the case *sub judice*, defendants claim that Congress, in section 1132(k) of the statute, limited the subject matter jurisdiction of district courts to actions brought by certain enumerated parties. Clearly, the facts tending to prove this allegation are unrelated to the allegations set forth in plaintiffs' complaint.[1] Because the trial court's jurisdiction, "its very power to hear the case," *Mortensen*, 549 F.2d at 891, is at issue in this 12(b)(1) motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction. *Adams*, 697 F.2d at 1219; *Mortensen*, 549 F.2d at 891. "In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen*, 549 F.2d at 891.

### III. Subject Matter Jurisdiction

#### A. ERISA's Grant of Jurisdiction

■ It is beyond dispute that the federal courts, as courts of limited jurisdiction, do not have subject matter jurisdiction over any cause of action except as conferred by an act of Congress. *Rice v. Minnesota & Northwestern R.R. Co.*, 66 U.S. (1 Black) 358, 374, 17 L.Ed. 147 (1861); *see Giardono v. Jones*,

867 F.2d 409, 413 (7th Cir.1989); *Pressroom Unions–Printers League Income Secur. Fund v. Continental Assur. Co.*, 700 F.2d 889, 892 (2d Cir.), *cert. dismissed*, 463 U.S. 1233, 104 S.Ct. 26, 77 L.Ed.2d 1449, *cert. denied*, 464 U.S. 845, 104 S.Ct. 148, 78 L.Ed.2d 138 (1983). Defendants claim that ERISA's grant of subject matter jurisdiction is exclusive and precludes suit by these plaintiffs against the Secretary of Labor. The relevant section of the statute reads as follows:

> Suits *by an administrator, fiduciary, participant, or beneficiary* of an employee benefit plan to ... compel [the Secretary] to take action required under this subchapter may be brought in the district court of the United States for the district where the plan has its principal office, or in the United States District Court for the District of Columbia.

29 U.S.C. § 1132(k) (emphasis added). It is clear that the current plaintiffs—an employer, the plan, and a union—are not parties enumerated in the statute as authorized to bring a suit against the Secretary of Labor.[2] Accordingly, from the face of the statute, it would appear that plaintiffs cannot premise subject matter jurisdiction on section 502(k) of ERISA. However, plaintiffs contend that the statute is not an exclusive grant of jurisdiction and that other parties, if they can show an injury and that the injury falls within the zone of interests protected by ERISA, may bring suit under the statute. *See, e.g., Fentron Indus. v. National Shopmen Pension Fund*, 674 F.2d 1300, 1305 (9th Cir. 1982) ("There is nothing in the legislative history to suggest either that the list of parties empowered to sue under [section 502(a)] is exclusive or that Congress intentionally omitted employers.").

Although no court has addressed section 502(k) of ERISA specifically, several circuits have examined sections 502(a) and 502(e) which, like section 502(k), list those parties

---

1. The facts alleged in plaintiffs' complaint deal only with plaintiffs' attempts to acquire an opinion letter from the Secretary and whether the Secretary must issue such a letter.

2. The union, as discussed later, may be entitled to bring suit as a representative of the plan participants. *See infra* at 916.

who may bring suit under the statute.[3] An overwhelming majority of the circuits, including the Fourth Circuit, have concluded that the grant of jurisdiction found in section 502(e) is exclusive. In other words, Congress granted subject matter jurisdiction over only those types of suits brought by the parties enumerated in the statute. *Provident Life & Acc. Ins. Co. v. Waller*, 906 F.2d 985, 987–88 (4th Cir.), *cert. denied*, 498 U.S. 982, 111 S.Ct. 512, 112 L.Ed.2d 524 (1990); *Giardono*, 867 F.2d at 413 (holding that the grant of subject matter jurisdiction in § 502(e)(1) is exclusive); *Hermann Hosp. v. MEBA Medical & Benefits Plan*, 845 F.2d 1286, 1288–89 (5th Cir.1988); *Grand Union Co. v. Food Employers Labor Relations Ass'n.*, 808 F.2d 66, 71 (D.C.Cir.1987); *Northeast Dept. ILGWU v. Teamsters Local Union No. 229 Welfare Fund*, 764 F.2d 147, 153–54 (3d Cir.1985); *Whitworth Bros. Storage Co. v. Central States*, 794 F.2d 221, 228 (6th Cir.) (holding that section 502 is an exclusive grant of jurisdiction), *cert. denied*, 479 U.S. 1007, 107 S.Ct. 645, 93 L.Ed.2d 701 (1986); *Pressroom*, 700 F.2d at 892 (same).[4]

Moreover, such a conclusion is supported by the Supreme Court's decision in *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 21, 103 S.Ct. 2841, 2852, 77 L.Ed.2d 420 (1983). The Court noted that "the express grant of federal jurisdiction in ERISA is limited to suits brought by certain parties, as to whom Congress presumably determined that a right to enter federal court was necessary to further the statute's purposes." *Id.* Additionally, the Court concluded that

> ERISA carefully enumerates the parties entitled to seek relief under § 502; it does not provide anyone other than participants, beneficiaries, or fiduciaries with an express cause of action for a declaratory judgment on the issues in this case. A suit for similar relief by some other party does not "arise under" that provision.

*Id.* at 27, 103 S.Ct. at 2855. Given such a strong statement by the Supreme Court, plaintiffs' contention that section 502(k) is a nonexclusive grant of jurisdiction lacks merit. *See Provident Life*, 906 F.2d at 988 (holding that, based on *Franchise Tax Board*, grant of jurisdiction in section 502(e) is exclusive). Nothing in section 502(k)'s jurisdictional provisions marks it as substantially different from the grant of jurisdiction in section 502(e) and the same analysis should apply. Hence, plaintiffs cannot premise subject matter jurisdiction on section 502(k) of ERISA. However, plaintiffs have invoked 28 U.S.C. § 1331, the general federal question statute, as an additional source of subject matter jurisdiction. The court moves next to a discussion of whether plaintiffs' action "arises under" the laws of the United States for purposes of section 1331.

## B. Implied Cause of Action

Plaintiffs contend that, even if section 502(k) of ERISA provides no express cause of action, this court should imply a cause of action, presumably from the terms of section

---

**3.** The various parts of section 502(a) provide that civil actions, for various types of relief, may be brought by participants, beneficiaries, fiduciaries, or the Secretary of Labor. 29 U.S.C. § 1132(a)(1)–(6). Section 502(e) of ERISA provides that "the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by *the Secretary or by a participant, beneficiary, or fiduciary.*" *Id.* § 1132(e)(1) (emphasis added).

**4.** The only circuit to hold otherwise is the Ninth Circuit, which held in *Fentron* that an employer could sue even though not a party enumerated in the statute. *Fentron*, 674 F.2d at 1305 (analyzing the issue in terms of standing). *See also, Award Serv., Inc. v. Northern Calif. Retail Clerks Unions & Food Employers Joint Pension Trust Fund*, 763 F.2d 1066, 1068 (9th Cir.1985), *cert. denied* 474 U.S. 1081, 106 S.Ct. 850, 88 L.Ed.2d 890 (1986) (holding that, despite the specific provisions of section 502, "an employer may bring an action under ERISA to enforce its terms where the employer alleges specific and personal injury"). Other circuits have criticized the Ninth Circuit for placing the cart before the horse. In other words, a court cannot address the standing issue until it first determines whether subject matter jurisdiction exists. *Giardono*, 867 F.2d at 412 (approach taken by Ninth Circuit improperly assumes grant of subject matter jurisdiction). As the Second Circuit noted, "[w]e focus not on whether the legislative history reveals that Congress intended to *prevent* actions by employers or other parties, but on whether there is any indication that the legislature intended to *grant* subject matter jurisdiction over suits by employers, funds, or other parties not listed in [the statute]." *Pressroom*, 700 F.2d at 892.

3(40)(A)(1) of the statute.[5] That section, in conjunction with section 514(b)(6), provides that a plan "which is established or maintained pursuant to one or more agreements the Secretary finds to be collective bargaining agreements," is exempt from state insurance regulation. 29 U.S.C. § 1002(40)(A)(i). Section 502(k), as detailed above, permits certain parties to bring a civil action against the Secretary to compel him to take action required by the statute.[6] It is these sections of ERISA, read together, that plaintiffs claim support an implied right of action in favor of an employer, a plan, and a collective bargaining agent against the Secretary of Labor, to compel him to make a determination whether the Centurion Plan was established pursuant to a collective bargaining agreement.

In *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975), the Supreme Court set forth more specifically the four factors courts should consider when determining whether to imply a cause of action:

1) Is the plaintiff a member of a class for whose special benefit the statute was enacted?

2) Is the legislative intent to create or deny a remedy?

3) Is implying a remedy consistent with the purposes of the legislative scheme?

4) Is the action one traditionally left to state law?

*Id.* (citations omitted). As the Court has counseled, however, the "focus must be on the intent of Congress when it enacted the statute in question." *Daily Income Fund, Inc. v. Fox*, 464 U.S. 523, 536, 104 S.Ct. 831, 838, 78 L.Ed.2d 645 (1984); *Whitworth Bros.*, 794 F.2d at 228. Indeed, even if some factors support implying a cause of action, unless " 'congressional intent can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist.' " *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S.

134, 145, 105 S.Ct. 3085, 3092, 87 L.Ed.2d 96 (1985) (quoting *Northwest Airlines, Inc. v. Transport Workers*, 451 U.S. 77, 94, 101 S.Ct. 1571, 1582, 67 L.Ed.2d 750 (1981)). " 'The federal judiciary will not engraft a remedy on a statute, no matter how salutary, that Congress did not intend to provide.' " *Id.* (quoting *California v. Sierra Club*, 451 U.S. 287, 297, 101 S.Ct. 1775, 1781, 68 L.Ed.2d 101 (1981)).

As the starting point in discerning congressional intent, the court looks "to the statutory language, particularly to the provisions made therein for enforcement and relief." *Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n*, 453 U.S. 1, 13, 101 S.Ct. 2615, 2623, 69 L.Ed.2d 435 (1981). Next, a court should "review the legislative history and other traditional aids of statutory interpretation...." *Id.* In a recent case dealing with another section of ERISA, the Supreme Court refused to imply a private right of action for extracontractual damages. *Massachusetts Mutual*, 473 U.S. at 148, 105 S.Ct. at 3093. The Court held that, in light of the "carefully integrated civil enforcement provisions found in § 502(a) of the statute," Congress "did *not* intend to authorize other remedies that it simply forgot to incorporate expressly." *Id.* at 146, 105 S.Ct. at 3092. "The assumption of inadvertent omission is rendered especially suspect upon close consideration of ERISA's interlocking, interrelated, and interdependent remedial scheme, which is in turn part of a 'comprehensive and reticulated statute.' " *Id.* (quoting *Nachman Corp. v. Pension Benefit Guar. Corp.*, 446 U.S. 359, 361, 100 S.Ct. 1723, 1726, 64 L.Ed.2d 354 (1980)).

Although *Massachusetts Mutual* dealt with the implication of a cause of action for a particular *remedy*, as opposed to in favor of a particular *party*, the Court's analysis bolsters defendants' argument that Congress did not intend to authorize suits by parties not

---

**5.** This court has jurisdiction under 28 U.S.C. § 1331 to determine whether an implied cause of action exists, under ERISA, in favor of plaintiffs. *Award Serv., Inc.*, 763 F.2d at 1068.

**6.** For purposes of determining the threshold jurisdictional question, the court proceeds on the

assumption that section 3(40)(A) of ERISA can be read to require the Secretary to make a determination, one way or the other, as to whether a plan was established pursuant to a collective bargaining agreement.

named in section 502's enforcement provisions. Indeed, an analysis of the statutory scheme militates even more strongly against implying a cause of action in favor of non-enumerated plaintiffs. ERISA is *not* devoid of a cause of action against the Secretary for the remedy plaintiffs seek—to compel him to act. Congress expressly provided such a cause of action, but limited those parties who may bring it.[7] Because the statutory language and statutory scheme reveal that Congress did not intend to permit parties other than those listed to bring suit, the court will not imply a cause of action in favor of these plaintiffs.[8]

### C. Federal Common Law

■ In a final attempt to allege subject matter jurisdiction under ERISA, plaintiffs cite several cases holding that, even where ERISA does not provide an explicit cause of action, ERISA actions governed by federal common law "arise under" federal law for purposes of 28 U.S.C. § 1331. *Waller,* 906 F.2d at 989. Because ERISA contains a broad preemption of state law, federal courts are empowered to "fill the interstices of ERISA" by creating federal common law. *Id.* at 992. Recognizing the need for a body of federal common law governing ERISA actions, both the Supreme Court and the Fourth Circuit "recently gave express authorization for federal courts to 'develop a federal common law of rights and obligations under ERISA regulated plans.'" *Id.* (citations omitted); *U.S. Steel Mining Co. v. District 17, UMWA,* 897 F.2d 149, 152 (4th Cir.1990).

However, plaintiffs fail to demonstrate how federal common law governs their cause of action.[9] As the Fourth Circuit noted,

[t]he mere invocation by a plaintiff of § 1331 and federal common law is not enough, by itself, to confer federal question jurisdiction. For example, a more specific statutory provision conferring jurisdiction elsewhere would supersede the application of § 1331.

*Waller,* 906 F.2d at 990. Indeed, "resort to federal common law generally is inappropriate when its application would conflict with the statutory provisions of ERISA...." *Singer v. Black & Decker Corp.,* 964 F.2d 1449, 1452 (4th Cir.1992). This is not a situation, like the one involved in *Waller,* where the statute is silent with respect to the remedy of unjust enrichment. Section 502(k) of ERISA specifically provides the remedy plaintiffs seek—an order requiring the Secretary to make a determination he is purportedly required to make under ERISA. Plaintiffs attempt not to fill a gap left in ERISA's statutory scheme, but instead to rewrite section 502(k) by adding parties to those specifically identified by Congress as entitled to sue. To invoke federal common law in order to support jurisdiction in this case would conflict with ERISA's specific statutory provisions. Therefore, the court rejects plaintiffs' attempt to premise subject matter jurisdiction on section 1331 and federal common law.

### D. Administrative Procedure Act

■ The Administrative Procedure Act ("APA") provides that any person "adversely affected or aggrieved by agency action," including a "failure to act" is entitled to "judicial review thereof," as long as the action is a "final agency action for which there is no other adequate remedy in court." 5 U.S.C. §§ 702, 704. Further, a court may "compel

---

**7.** As articulated above, Congress did not intend to provide parties other than those enumerated with a cause of action against the Secretary of Labor. *See supra* at 911–912.

**8.** The legislative history is devoid of any discussion concerning whether employers or plans might have a cause of action against the Secretary, under section 3(40)(A)(i), to compel a determination that a plan was established pursuant to a collective bargaining agreement. Moreover, the legislative history reveals that the statute was passed to benefit employees, not employers or employee benefit plans themselves. *Whitworth*

*Bros.,* 794 F.2d at 233. Plaintiffs are not members of the class for whose benefit the statute was passed; thus, application of the first *Cort* factor to the case *sub judice* supports the court's refusal to imply a cause of action in favor of plaintiffs.

**9.** Plaintiffs seem to contend that, because they were denied equal protection of the laws, their cause of action is governed by federal common law and arises under ERISA. However, as explained later in this opinion, plaintiffs' equal protection claim arises under the Constitution and not under ERISA. *See infra* at 914 and note 14.

agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Plaintiffs contend that, pursuant to the APA, they are entitled to seek review of the Secretary's refusal to issue a letter regarding the status of the Centurion Plan as a plan established pursuant to a collective bargaining agreement. However, as plaintiffs themselves admit, such a contention must be supported by a previous finding of subject matter jurisdiction over the claim. Pl.'s Br. in Opp. to Mot. to Dismiss, at 9. As the Supreme Court held in *Califano v. Sanders,* "the APA is not to be interpreted as an implied grant of subject-matter jurisdiction to review agency actions." 430 U.S. 99, 105, 97 S.Ct. 980, 984, 51 L.Ed.2d 192 (1977). Because this court has previously determined that no subject matter jurisdiction exists over plaintiffs' claims, plaintiffs cannot invoke the APA to provide jurisdiction.

Furthermore, it appears that Congress has precluded review of the Secretary's action, or non-action, by these particular plaintiffs. *See* 5 U.S.C. § 701 ("This chapter applies ... except to the extent that—(1) statutes preclude judicial review."). "Whether and to what extent a particular statute precludes judicial review is determined ... from express language, ... from the structure of the statutory scheme, its objectives, its legislative history and the nature of the administrative action involved." *Block v. Community Nutrition Institute,* 467 U.S. 340, 345, 104 S.Ct. 2450, 2453–54, 81 L.Ed.2d 270 (1984). As discussed above, the express language of ERISA, as well as its complex statutory scheme, lead this court to conclude that Congress intended that only those parties enumerated in section 502(k) be entitled to bring an action against the Secretary of Labor.[10] As the Supreme Court noted, "[w]hen a statute provides a detailed mechanism for judicial consideration of particular issues at the behest of particular persons, judicial review of those issues at the behest of other persons may be found to be impliedly precluded." *Id.* at 349, 104 S.Ct. at 2456. Accordingly, this court finds that review under the APA has been statutorily precluded.

**10.** *See supra* at 911–913.

### E. Declaratory Judgment Act

██ Plaintiffs' attempt to bring an action under the Declaratory Judgment Act must fail for the same reason their attempt to claim under the APA fails. The Declaratory Judgment Act does not provide an independent basis for jurisdiction. *Delavigne v. Delavigne,* 530 F.2d 598, 601 (4th Cir.1976). As the Supreme Court has held, "the availability of [declaratory] relief presupposes the existence of a judicially remediable right." *Schilling v. Rogers,* 363 U.S. 666, 667, 80 S.Ct. 1288, 1290, 4 L.Ed.2d 1478 (1960). This court already has determined that plaintiffs cannot premise subject matter jurisdiction upon either ERISA or the general federal question statute, 28 U.S.C. § 1331. Hence, this court lacks subject matter jurisdiction over a claim for declaratory judgment.

### F. Mandamus and Venue Act

██ Plaintiffs next contend that this court has subject matter jurisdiction under the Mandamus and Venue Act to entertain their action to compel the Secretary to issue an opinion letter. 28 U.S.C. § 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The remedy of mandamus is "a drastic one, to be invoked only in extraordinary circumstances." *Allied Chemical Corp. v. Daiflon,* 449 U.S. 33, 34, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1981).

Jurisdiction under § 1361 is proper only to command an official to perform a mandatory or ministerial duty, rather than one that is purely discretionary. *Maczko v. Joyce,* 814 F.2d 308, 310 (6th Cir.), *cert. denied,* 484 U.S. 828, 108 S.Ct. 98, 98 L.Ed.2d 58 (1987); *International Fed. of Professional & Technical Eng'rs, Local No. 1 v. Williams,* 389 F.Supp. 287, 290 (E.D.Va.1974), *aff'd without opinion,* 510 F.2d 966 (4th Cir.1975). "In order to meet the requirements for mandamus, [plaintiffs] must show that they have 'a clear right to the relief sought,' that the [Secretary] 'has a clear duty to do the particular act request-

ed,' and that 'no other adequate remedy is available.' " *National Ass'n of Govt. Employees v. FLRA*, 830 F.Supp. 889, 898 (E.D.Va.1993) (quoting *In re First Fed. Sav. & Loan Ass'n*, 860 F.2d 135, 138 (4th Cir. 1988)). "An act is ministerial only if it is a positive command and so plainly prescribed as to be free from doubt." *Williams*, 389 F.Supp. at 290; *see McGaw v. Farrow*, 472 F.2d 952, 956 (4th Cir.1973).

Plaintiffs contend that they have the right to demand that the Secretary issue a determination regarding whether the Centurion Plan was established pursuant to a collective bargaining agreement. Further, they assert that mandamus is available "to compel action, when refused, in matters involving judgment and discretion, [although] not to direct the exercise of judgment in a particular way...." *Wilbur v. United States*, 281 U.S. 206, 218, 50 S.Ct. 320, 324, 74 L.Ed. 809 (1929). Plaintiffs claim that they seek only to compel the Secretary to make *some* determination, not to mandate the content of his decision.

A review of the statute itself reveals that plaintiffs cannot establish at least two of the threshold requirements for mandamus. First, plaintiffs cannot demonstrate that they have a clear right to the relief requested. Indeed, as this court articulated above, section 502(k) expressly limits those parties who may bring an action against the Secretary to compel him to act.[11] Plaintiffs are not among the enumerated parties. Second, the statutory language upon which plaintiffs rely gives the Secretary broad discretion to determine whether to make a decision, as well as to determine the content of that decision. ERISA defines the term "multiple employer welfare arrangement," but states that it "does not include any such plan or other arrangement which is established or maintained—(i) under or pursuant to one or more agreements *which the Secretary finds to be collective bargaining agreements ....*" 29 U.S.C. § 1002(40)(A)(i) (emphasis added). There is absolutely no language in the stat-

ute that establishes a clear duty, much less a positive command, on the part of the Secretary to make a finding that any plan is, or is not, established pursuant to a collective bargaining agreement. *See National Ass'n of Govt. Employees*, 830 F.Supp. at 898. Mandamus, therefore, is not an appropriate remedy in the instant case. Plaintiffs have failed to meet the jurisdictional requirements for a writ of mandamus to issue.

■ Because plaintiffs cannot premise subject matter jurisdiction on ERISA itself, or on an implied cause of action theory, and because subject matter jurisdiction over plaintiffs' ERISA claim is not provided by the general federal question statute, the Declaratory Judgment Act, the APA, or the Mandamus and Venue Act, the court lacks subject matter jurisdiction over claims made by plaintiffs Ocean Breeze and Centurion Health and Welfare Benefit Plan.[12] However, the court is of the opinion that subject matter jurisdiction exists over claims asserted by plaintiff PBA, the collective bargaining agent for Ocean Breeze security employees, the plan participants. As collective bargaining agent for the plan participants, plaintiff PBA stands in their shoes and, therefore, may bring an action under section 502(k) of ERISA as a "participant." *See Communications Workers of America v. AT & T*, 828 F.Supp. 73, 75 (D.D.C.1993) (holding that collective bargaining agent representing employees had representational standing and, therefore, could bring an action under section 502 of ERISA.)

### IV. Sovereign Immunity

■ Defendants contend that, even if plaintiffs' claims are otherwise cognizable, this suit is barred by sovereign immunity. It is beyond dispute that the United States, as sovereign, "is immune from suit except as Congress specifically provides, and any waivers of immunity are to be strictly construed." *Radin v. United States*, 699 F.2d 681, 684–85 (4th Cir.1983). Unless Congress has consented to a cause of action against the United

---

11. *See supra* at 912.

12. Plaintiffs seek to amend their complaint to add plan fiduciaries as parties plaintiff. Fiducia-

ries and administrators are listed in section 502(k) of ERISA as entitled to bring suit against the Secretary and this action may, therefore, proceed with the fiduciaries as plaintiffs.

States, "there is no jurisdiction in any court of the land to entertain such suits." *Id.* (citing *United States v. Sherwood,* 312 U.S. 584, 587–88, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941)). "A necessary corollary of this rule is that when Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed and exceptions thereto are not to be lightly implied." *Block & North Dakota, ex rel. Bd. of Univ. and School Lands,* 461 U.S. 273, 287, 103 S.Ct. 1811, 1820, 75 L.Ed.2d 840 (1983); *see Fulcher v. United States,* 696 F.2d 1073, 1076 (4th Cir. 1982) (conditions imposed on a waiver of sovereign immunity must be strictly construed in favor of the sovereign).

■ Plaintiffs in the case *sub judice* have sued the Secretary of Labor and the Department of Labor; they have not named the United States as a party. However, "the general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." *Hawaii v. Gordon,* 373 U.S. 57, 58, 83 S.Ct. 1052, 1053, 10 L.Ed.2d 191 (1963). A suit is against the sovereign "if the effect of the judgment would be 'to restrain the government from acting or to compel it to act.'" *Dugan v. Rank,* 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963) (quoting *Larson v. Domestic & Foreign Corp.,* 337 U.S. 682, 704, 69 S.Ct. 1457, 1468, 93 L.Ed. 1628 (1949)). Because plaintiffs seek to compel the Secretary of Labor, an officer of the United States, to take action, their suit is against the United States and is barred by sovereign immunity, unless Congress has waived immunity.

■ In order to maintain this action, plaintiffs must point to an act of Congress which specifically and explicitly waives sovereign immunity with respect to these plaintiffs. The APA does not waive sovereign immunity where, as here, there is a preclusion of review statute and a special statutory review procedure provided. *Hostetter v. United States,* 739 F.2d 983, 985 (4th Cir. 1984). Similarly, the Declaratory Judgment Act is not a waiver of sovereign immunity. *Schulke v. United States,* 544 F.2d 453, 455 (10th Cir.1976); *McClellan Ecological Seep-*

*age Situation (MESS) v. Cheney,* 763 F.Supp. 431, 442 (E.D.Cal.1989). Likewise, the general federal question statute, 28 U.S.C. § 1331, operates "merely [as] a jurisdictional grant that in no way affects the sovereign immunity of the United States." *Radin,* 699 F.2d at 685 n. 9.

Further, the majority of courts addressing the issue have held that the Mandamus and Venue Act is "simply not a general waiver of the sovereign's immunity." *Estate of Watson v. Blumenthal,* 586 F.2d 925, 935 (2d Cir.1978); *see Hill v. United States,* 571 F.2d 1098, 1101 n. 5 (9th Cir.1978); *McQueary v. Laird,* 449 F.2d 608, 611 (10th Cir.1971); *Carter v. Seamans,* 411 F.2d 767, 773 (5th Cir.1969), *cert. denied,* 397 U.S. 941, 90 S.Ct. 953, 25 L.Ed.2d 121 (1970). Although the Fourth Circuit has not addressed the issue, this court has held that the mandamus statute "does not waive the sovereign immunity of the United States in mandamus actions." *Williams,* 389 F.Supp. at 290. Plaintiffs cite *Vishnevsky v. United States,* 581 F.2d 1249 (7th Cir.1978), which holds otherwise. However, that case appears to represent the minority view; this court will adhere to its holding in *Williams.*

In an attempt to escape the bar of sovereign immunity, plaintiffs contend that defendants have acted outside the scope of their authority and that, therefore, they are not immune from suit. It is true that "[i]n certain instances, an action will not be considered against the United States and thus will not be barred by sovereign immunity if it is one for specific relief against officers." *Coggeshall Dev. Corp. v. Diamond,* 884 F.2d 1, 3 (1st Cir.1989). As the Supreme Court explained,

> [w]here the officer's powers are limited by statute, his actions beyond those limitations are considered individual and not sovereign actions. The officer is not doing the business which the sovereign has empowered him to do or he is doing it in a way that which the sovereign has forbidden. His actions are *ultra vires* his authority and therefore may be made the object of specific relief.

*Larson,* 337 U.S. at 689, 69 S.Ct. at 1461. Plaintiffs claim that the Secretary has acted

unconstitutionally in failing to make a determination that the Centurion Plan was established pursuant to a collective bargaining agreement. If established, such conduct would be outside the scope of his authority and sovereign immunity would not bar plaintiffs' claim for specific relief. *See Coggeshall,* 884 F.2d at 3.[13] Therefore, the court moves next to a discussion of plaintiffs' equal protection claim.

### V. Equal Protection

■ Plaintiffs contend that defendants have violated their right to equal protection of the laws. Specifically, plaintiffs assert that defendants arbitrarily have refused to issue an opinion letter that the Centurion Plan is established pursuant to a collective bargaining agreement, but that defendants have issued such letters to other similarly situated applicants. Clearly, the court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1331, which provides that the federal courts have subject matter jurisdiction over all claims arising under the Constitution.[14]

The Equal Protection Clause "guarantees that local, state, and the federal governments treat similarly situated persons similarly; it restrains arbitrary governmental classifications which lead to invidious discrimination." *Moss v. Clark,* 698 F.Supp. 640, 648 (E.D.Va. 1988), *rev'd on other grounds,* 886 F.2d 686 (4th Cir.1989) (citing *City of Cleburne, Texas v. Cleburne Living Ctr.,* 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985)); *see Bolling v. Sharpe,* 347 U.S. 497, 499, 74 S.Ct. 693, 694, 98 L.Ed. 884 (1954) (equal protection principles apply to the federal government through the Fifth Amendment due process clause). There are two general types of equal protection claims. First, a plaintiff may allege that a statute, on its face, draws discriminatory classifications and,

therefore, violates the Equal Protection Clause. *Moss,* 698 F.Supp. at 648. Second, plaintiffs may contend that the statute, though neutral on its face, is being applied in a discriminatory manner. *Id.* In the case at bar, the statute draws no distinctions; instead, plaintiffs claim that the Secretary's application of the statute denies them equal protection of the laws. Hence, plaintiffs' claim falls into the second category.

■ "To prevail on a claim that defendant unequally applied a facially neutral statute, a plaintiff must show intentional discrimination." *E & T Realty v. Strickland,* 830 F.2d 1107, 1112 (11th Cir.1987), *cert. denied,* 485 U.S. 961, 108 S.Ct. 1225, 99 L.Ed.2d 425 (1988). As the Supreme Court opined,

> [t]he unlawful administration by [federal] officers of a [federal] statute fair on its face, resulting in its unequal application to those who are entitled to be treated alike, is not a denial of equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination.

*Snowden v. Hughes,* 321 U.S. 1, 8, 64 S.Ct. 397, 401, 88 L.Ed. 497 (1944). Plaintiffs fail to state an equal protection violation if they allege only "an arbitrary and irrational difference between the results of two particular applications of a facially neutral statute." *E & T Realty,* 830 F.2d at 1112; *see Arroyo Vista Partners v. County of Santa Barbara,* 732 F.Supp. 1046, 1055 (C.D.Cal.1990) ("To state an equal protection claim, a plaintiff must charge a governmental body not only with deliberately acting against the plaintiff, but also with singling him out ... on an impermissible basis."). In the case *sub judice,* plaintiffs have stated only that the Secretary arbitrarily refused to issue them an opinion letter, while issuing such letters to other, similarly situated, plans. Plaintiffs'

---

13. In *Larson,* the Supreme Court stated, in a footnote, that "a suit may fail, as one against the sovereign, even if it is claimed that the officer being sued has acted unconstitutionally or beyond his statutory powers, if the relief requested can not be granted by merely ordering the cessation of the conduct complained of but will require affirmative action by the sovereign...." *Larson,* 337 U.S. at 691 n. 11, 69 S.Ct. at 1462 n. 11. Defendants argue that, because plaintiffs

seek to compel the Secretary to take affirmative action, sovereign immunity bars their constitutional claim as well.

14. Plaintiffs claim an unequal application of ERISA. The *source* of their claim is the Equal Protection Clause of the Constitution, not any provision of ERISA. Hence, plaintiffs' claim arises under the Constitution, not under ERISA.

complaint is entirely devoid of any allegation that the Secretary's action was based upon an impermissible or discriminatory classification, or that the Secretary acted with discriminatory intent. Hence, even accepting their allegations as true, plaintiffs have failed to state a claim for denial of equal protection of the laws. For the foregoing reasons, the court GRANTS defendants' motion to dismiss for failure to state a claim, as to plaintiffs' equal protection claim.

### VI. Amendment of Plaintiffs' Complaint

Plaintiffs now seek leave to amend their complaint to add Robert Matthison and Michael F. Gelardi, as Trustees of the Centurion Health and Welfare Benefit Plan. Under Rule 15(a) of the Federal Rules of Civil Procedure, plaintiffs may amend their pleading "once as a matter of course at any time before a responsive pleading is served...." Once a responsive pleading is served, however, a party may amend "only by leave of court or by written consent of the adverse party...." Rule 15(a). Rule 7(a) lists those submissions that are considered responsive pleadings,[15] the most common of which is the answer. Under Rule 7, motions are not considered responsive pleadings. *See Smith v. Blackledge*, 451 F.2d 1201, 1203 n. 2 (4th Cir.1971) (motion to dismiss not a responsive pleading); *Clardy v. Duke Univ.*, 299 F.2d 368, 369 (4th Cir.1962) (motion for summary judgment not a responsive pleading); *Manning v. Greensville Mem. Hosp.*, 470 F.Supp. 662, 671–72 (E.D.Va.1979) (same).

In the case at bar, defendants filed a motion to dismiss addressing the original complaint; however, defendants have not filed an answer or any other responsive pleading, as defined by the Federal Rules of Civil Procedure. As a result, plaintiffs are entitled to amend once as a matter of course. Accordingly, the court GRANTS plaintiffs' motion to amend their complaint to add Robert Matthison and Michael F. Gelardi, as Trustees of the Centurion Health and Welfare Benefit Plan.

Further, because section 502(k) of ERISA authorizes the district courts to adjudicate suits brought by "an administrator [or] fiduciary" against the Secretary to "compel him to take action," this court has subject matter jurisdiction over plaintiffs' claims. 29 U.S.C. § 1132(k).

### VII. Conclusion

For the reasons articulated in this opinion, the court lacks subject matter jurisdiction over claims brought by plaintiffs Ocean Breeze and Centurion Health and Welfare Benefit Plan. Accordingly, the court GRANTS defendants' motion to dismiss for lack of subject matter jurisdiction as to those plaintiffs. Additionally, the court GRANTS defendants' motion to dismiss pursuant to rule 12(b)(6), for failure to state a claim, as to plaintiffs' equal protection claim.

However, the court GRANTS plaintiffs' motion to amend and ORDERS the Amended Complaint filed. Because plaintiffs Matthison and Gelardi are administrators and fiduciaries of the Centurion Plan, this court has subject matter jurisdiction over their claims and Congress has waived sovereign immunity as to those claims. Similarly, plaintiff PBA is entitled to maintain an action as a participant.

Under Federal Rule of Civil Procedure 15(a), defendants "shall plead in response to an amended pleading ... within 10 days after service of the amended pleading ... unless the court otherwise orders." Accordingly, the court GRANTS defendants twenty (20) days from the date of this order in which to file responsive pleadings or appropriate motions to plaintiffs' amended complaint.

The Clerk is DIRECTED to send a copy of this Opinion and Order to counsel for plaintiffs and defendants.

It is so ORDERED.

---

**15.** Rule 7(a) reads as follows:
(a) Pleadings. There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of rule 14; and a third-party answer, if a third-party complaint is served....