**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

VIRGINIA BEACH POLICEMEN'S
BENEVOLENT ASSOCIATION; ROBERT
MATTHISON, joint trustee of the
Centurion Health and Welfare
Benefit Plan; MICHAEL F. GELARDI,
joint trustee of the Centurion Health
and Welfare Benefit Plan,

Plaintiffs-Appellants,

v.

ROBERT B. REICH, Secretary of
Labor; UNITED STATES DEPARTMENT
OF LABOR,
Defendants-Appellees.

No. 95-1773

MICHAEL F. GELARDI, in his official
capacity as a Trustee of the
Centurion Health Trust; ROBERT W.
MATHIESON, in his official capacity
as a Trustee of the Centurion Health
Trust; VIRGINIA BEACH POLICE
BENEVOLENT ASSOCIATION, Local 34,
Plaintiffs-Appellants,

v.

ANDREW J. KARPINSKI, individually
and in his official capacity as
Commissioner of Insurance for the

State of New Jersey; JACK EHNES,
individually and in his official
capacity as Commissioner of
Insurance for the State of Colorado;
LINDA S. KAISER, individually and in
her official capacity as
Commissioner of Insurance for the
Commonwealth of Pennsylvania;
EDWARD J. MUHL, individually and
in his official capacity as
Superintendent of Insurance for the
State of New York,
Defendants-Appellees.

No. 95-2013

Appeals from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, Raymond A. Jackson, District Judges.
(CA-93-1170-2, CA-95-244-2)

Argued: June 5, 1996

Decided: September 10, 1996

Before RUSSELL, WILKINS, and NIEMEYER, Circuit Judges.

2

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Wyatt B. Durrette, Jr., DURRETTE, IRVIN & BRAD-
SHAW, P.C., Richmond, Virginia, for Appellants. Alexander Fernan-
dez, Michael Edmond Goldman, UNITED STATES DEPARTMENT
OF LABOR, Washington, D.C., for Appellees. **ON BRIEF:**
Barrett E. Pope, Arnold C. Moore, Jr., William O. Quirey, Jr., DUR-
RETTE, IRVIN & BRADSHAW, P.C., Richmond, Virginia; Michael
T. Leibig, Carla M. Siegal, ZWERDLING, PAUL, LEIBIG, KAHN,
THOMPSON & DRIESEN, P.C., Fairfax, Virginia, for Appellants.
Thomas S. Williamson, Jr., Marc I. Machiz, Leslie C. Perlman,
Karen L. Handorf, Dan Doyle, Stephen G. Smith, Anne L. Buckbo-
rough, UNITED STATES DEPARTMENT OF LABOR, Washing-
ton, D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The Virginia Beach Policemen's Benevolent Association ("PBA")
is a labor union established to support Virginia Beach police officers.
The PBA is the recognized collective bargaining representative of all
security personnel employed at Ocean Breeze Festival Park, Inc.
("Ocean Breeze"). The PBA and Ocean Breeze entered into a collec-
tive bargaining agreement on October 20, 1992. That agreement cre-
ated the Centurion Health Trust, which established the Centurion
Health & Welfare Benefit Plan (the "Centurion Plan") to provide
health benefits to PBA members.

The Centurion Plan began providing health coverage in January
1993. Since its inception, the Centurion Plan has actively solicited

3

health insurance business in various states. The Centurion Plan currently covers approximately 10,000 individuals, even though only approximately 20 of its covered individuals are PBA members employed by Ocean Breeze.

Under § 3(40)(A)(i) of ERISA, a "multiple employer welfare arrangement" is an employee welfare benefit plan that offers or provides welfare benefits to the employees of two or more employers. 29 U.S.C. § 1002(40)(A)(i). A multiple employer welfare arrangement is subject to state insurance regulations unless it is established or maintained pursuant to an agreement that the Secretary of Labor finds to be a collective bargaining agreement. 29 U.S.C.§§ 1002(40)(A)(i) and 1144(b)(6).

On December 17, 1992, representatives of the Centurion Plan requested that the Secretary of Labor issue an advisory opinion finding that the Centurion Plan is established or maintained pursuant to a collective bargaining agreement, and thus exempt from state insurance regulations under ERISA § 3(40)(A)(i). The Secretary responded that he was not prepared to make a finding under ERISA § 3(40)(A)(i). Subsequently, the Department of Labor decided that, in lieu of making case-specific determinations, it would develop a regulation to address whether multiple employer welfare plans are established or maintained pursuant to collective bargaining agreements. On November 14, 1994, the Department of Labor formally announced its intention to publish such a regulation. 59 Fed. Reg. 57,800 (Nov. 14, 1994).

Meanwhile, state regulators have attempted to bring the Centurion Plan into compliance with the insurance laws of the states in which Centurion has marketed its health coverage. On April 20, 1993, the Centurion Plan entered into a consent decree with the Commonwealth of Virginia in which it agreed not to recruit new health plan participants until the Secretary of Labor determined whether the Centurion Plan was established or maintained pursuant to a collective bargaining agreement. Nevertheless, the Centurion Plan steadfastly maintains that it is exempt from state insurance regulations because it is established or maintained pursuant to a collective bargaining agreement.

4

On December 3, 1993, the PBA and the trustees of the Centurion Plan brought an action against the Secretary of Labor, alleging that the Secretary violated a statutory mandate by refusing to make a determination that the Centurion Plan was established pursuant to a collective bargaining agreement.* The appellants sought judicial review under the Administrative Procedures Act, 5 U.S.C. § 701, et seq., of the Secretary of Labor's failure to make a determination. In the alternative, they sought a writ of mandamus ordering the Secretary of Labor to make a determination, or a declaratory judgment finding--in spite of the Secretary's silence--that the Centurion Plan is established or maintained pursuant to a collective bargaining agreement.

On March 22, 1995, the district court granted summary judgment in favor of the Secretary of Labor. Virginia Beach Policemen's Benevolent Ass'n v. Reich, 881 F. Supp. 1059 (E.D. Va. 1995) (Smith, J.). The district court held that the appellants could not seek judicial review under the APA. A party seeking judicial review must show that the agency's action (or failure to act) is a"final agency action," 5 U.S.C. § 704, and is not committed by law to the discretion of the agency, 5 U.S.C. § 701(a)(2). The district court concluded that the Secretary's refusal to make an individual determination on the Centurion Plan while it is developing a general regulation applying to all such determinations did not constitute a final agency action. Virginia Beach PBA, 881 F. Supp. at 1064-66. Furthermore, the district court exhaustively reviewed the legislative history of ERISA § 3(40)(A)(i) and concluded that the Secretary's determination under that section is committed to agency discretion and therefore unreviewable. Id. at 1066-71. Regarding the alternative arguments, the district court denied the appellants a writ of mandamus because it found that the Secretary did not have a clear duty to make a finding under ERISA § 3(40)(A)(i), and it held that it lacked jurisdiction to issue a declaratory judgment stating that the Centurion Plan is established or maintained pursuant to a collective bargaining agreement.

_____

*Initially, Ocean Breeze and the Centurion Plan were plaintiffs in this lawsuit. The district court held that these parties did not have standing under ERISA § 502(k), 29 U.S.C. § 1132(k). Ocean Breeze Festival Park, Inc. v. Reich, 853 F. Supp. 906, 916 (E.D. Va. 1994).

5

Unsuccessful in their attempt to obtain a finding that the Centurion Plan is established or maintained pursuant to a collective bargaining agreement, the appellants brought a second action against the Commissioners of Insurance for the states of New Jersey, Colorado, Pennsylvania, and New York. In this action, the appellants sought a declaratory judgment that the Centurion Plan is exempt from state regulation and a preliminary injunction preventing state insurance commissioners from enforcing their regulations against the Centurion Plan.

The district court dismissed this action on April 24, 1995, holding that collateral estoppel barred the appellants' request for a declaratory judgment on the question of whether the Centurion Plan is exempt from state regulation. Gelardi v. Karpinski, Civil Action No. 2:95cv244 (E.D. Va. Apr. 24, 1995) (Jackson, J.). The district court also denied the appellants' motion for a preliminary injunction.

The appellants have appealed the dismissals of both actions, which have been consolidated in this appeal.

We have read the briefs, heard oral argument, and considered the parties' arguments. We conclude that the district court, in both cases, has thoroughly analyzed and correctly decided the issues. We therefore affirm on the reasoning of the district court.

AFFIRMED