**COGGESHALL DEVELOPMENT CORP., et al., Plaintiffs, Appellees,**

v.

**William J. DIAMOND, etc., et al., Defendants, Appellants.**

No. 89–1264.

United States Court of Appeals, First Circuit.

Heard Aug. 3, 1989.
Decided Sept. 5, 1989.

J. Carol Williams, with whom Donald A. Carr, Acting Asst. Atty. Gen., Washington, D.C., Lincoln C. Almond, U.S. Atty., Everett C. Sammartino, Asst. U.S. Atty., Providence, R.I., and Angus E. Crane, Atty., Dept. of Justice Land & Natural Resources Division, Washington, D.C., was on brief, for defendants, appellants.

James M. Sloan, III, with whom Gardner, Sawyer, Gates & Sloan, Providence, R.I., was on brief, for plaintiffs, appellees.

Before CAMPBELL, Chief Judge, TORRUELLA and SELYA, Circuit Judges.

TORRUELLA, Circuit Judge.

This appeal could well have been avoided had the government directly raised the de-

**2**

fense of sovereign immunity before the district court. Nevertheless, because it goes to the jurisdiction of the court, the defense of sovereign immunity "can be raised at any time, and indeed by a court of appeals on its own motion." *Leonhard v. United States,* 633 F.2d 599, 618 n. 27 (2d Cir.1980), *cert. denied,* 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981); *see also Edelman v. Jordan,* 415 U.S. 651, 677–78, 94 S.Ct. 1347, 1362–63, 39 L.Ed.2d 662 (1974); *Hydrogen Technology Corp. v. United States,* 831 F.2d 1155, 1162 n. 6 (1st Cir.1987), *cert. denied,* ─── U.S. ───, 108 S.Ct. 1995, 100 L.Ed.2d 227 (1988). Decision of this issue is dispositive of this appeal. We reverse the decision of the district court issuing a writ of mandamus against various officers of the United States and order dismissal of this action for lack of subject matter jurisdiction.

*The facts*

In 1986, Coggeshall Development Corp. and Coggeshall Marine, Inc. ("Coggeshall") purchased approximately 20.3 acres from the State of Rhode Island Port Authority ("RIPA"). This land had been the site of a small boat basin ("Bend Boat Basin") maintained by the United States Navy ("Navy") in Portsmouth, Rhode Island. RIPA acquired the land by conveyance from the General Services Administration ("GSA") when it was surplused by the Navy sometime in early 1978.

The GSA deed to RIPA provided in part:

The Grantor hereby grants the Grantee all sewer lines located within said parcels 1 and 2, along with the perpetual and assignable right to connect at the boundary of Grantee's property with certain sewer mains owned by Grantor and located on other land of Grantor. *Grantor covenants that it will maintain its sewer mains and appurtenances* which connect sewer lines in the fee area to the City of Newport's public sewer system. (Emphasis added).

In its deed to Coggeshall, RIPA granted "all those rights and easements appertain-

ing thereto granted to Grantor [RIPA] by the [GSA] Deed."

The Navy occupies the land adjacent to the Bend Boat Basin. Through this adjacent land pass the sewer lines leading from the Bend Boat Basin to the Newport sewer plant. Coggeshall submitted a rezoning request to the Portsmouth Planning Board for approval to construct residential condominiums in the Bend Boat Basin area. The town requested views from the Navy on the proposal.

On April 15, 1987, the Navy notified the Planning Board that it was setting a 12,000 gallon per day sewer discharge limit for the Bend Boat Basin area and that no future increase of this limit could be obtained through the Navy's utilities. Subsequently, this same information was communicated to Coggeshall by the Navy on April 26, 1988. Thereafter, GSA adopted the Navy's position in this respect.

Coggeshall seeks an additional effluent discharge of 60,000 gallons per day to allow full development of the Bend Boat Basin parcel. Pursuant to the above-cited provision in the GSA deed, it claims that it is the Navy's duty to upgrade and maintain the sewer lines that pass through its property so that they can handle the additional effluent discharge.

Claiming the authority of 28 U.S.C. § 1361,[1] Coggeshall brought an action in the United States District Court for the District of Rhode Island against the administrators of GSA for the region in question, and against the Navy's director of public works in Newport, Rhode Island, seeking mandamus relief "to permit [Coggeshall] the perpetual and assignable right to connect at the boundary of the property owned by the [Navy] such sewer connections and sewer mains as are necessary for the use and enjoyment of [Coggeshall's] property." After trial, the district court granted judgment on behalf of Coggeshall and issued a writ of mandamus "order[ing] that the Navy take [Coggeshall's] future needs into account in its upcoming study of the sewer

---

1. 28 U.S.C. § 1361 provides:
The district courts shall have original jurisdiction of any action in the nature of mandamus

to compel any officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

system's needs and that the Navy within a reasonable time make repairs as required to allow [Coggeshall] to tie into the sewer system for up to the requested total amount of 72,000 gallons of discharge per day."

*Sovereign immunity*

(1) A jurisdictional issue

██ It is beyond discussion that the United States cannot be sued absent an express waiver of its immunity as a sovereign. *Block v. North Dakota, ex rel. Bd. of Univ. and School Lands,* 461 U.S. 273, 287, 103 S.Ct. 1811, 1819, 75 L.Ed.2d 840 (1983). "A necessary corollary of this rule is that when Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied." *Id.* Absent a waiver of sovereign immunity, courts are totally lacking in jurisdiction to entertain actions against the United States. *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941).

(2) The United States as a party

Notwithstanding that the United States is not a named party, "a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration' ... or if the effect of the judgment would be 'to restrain the government from acting, or to compel it to act.'" *Dugan v. Rank,* 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963).

██ In certain instances, an action will not be considered against the United States, and thus will not be barred by sovereign immunity, if it is one for specific relief against officers. *Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 689, 69 S.Ct. 1457, 1461, 93 L.Ed. 1628 (1949). However, to come within this "specific relief" exception a claimant must allege and prove that the officer has acted outside of the scope of his authority. *Id.* at 690, 69 S.Ct. at 1461.

(3) Waiver of immunity

Waiver of immunity "cannot be implied but must be unequivocably expressed."

*United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). The most commonly known waivers of sovereign immunity by the federal government are, in the field of torts, the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.,* and in contract disputes, the Tucker Act, 28 U.S.C. § 1491 *et seq.* This of course is hardly an exhaustive list. *See,* for example, 28 U.S.C. § 1346 and 5 U.S.C. § 702. In the case of actions upon express or implied contracts in which the amount claimed exceeds $10,000, the suit must be filed in the United States Claims Court. 28 U.S.C. § 1491(a)(1); *Philips v. United States,* 206 F.2d 867 (9th Cir.1953).

██ The only remedy to which the United States has consented in cases of breach of contract is to *the payment of money* damages in either the Court of Claims, if the amount claimed is in excess of $10,000, 28 U.S.C. § 1491(a)(1), or the district courts, where the amount in controversy is $10,000 or less. 28 U.S.C. § 1346(a)(1). Federal courts do not have the power to order specific performance by the United States of its alleged contractual obligations. *Florida Dept. of State v. Treasure Salvors, Inc.,* 458 U.S. 670, 689, 102 S.Ct. 3304, 3317, 73 L.Ed.2d 1057 (1982); *Larson, supra,* 337 U.S. at 701–02, 69 S.Ct. at 1467; *Doe v. Civiletti,* 635 F.2d 88, 89 (2d Cir.1980); *Chemung County v. Dole,* 781 F.2d 963, 970 (2d Cir.1986). We are unaware of any waiver of sovereign immunity by the United States as to specific performance for breach of contract. *Cf.* 5 U.S.C. § 702. *See Sea–Land Service, Inc. v. Brown,* 600 F.2d 429, 432–33 (3d Cir. 1979).

██ The provisions of 28 U.S.C. § 1361 creating the federal mandamus action do not constitute a waiver of sovereign immunity by the United States. *Doe,* 635 F.2d at 94; *Estate of Watson v. Blumenthal,* 586 F.2d 925, 935 (2d Cir.1978); *Essex v. Vinal,* 499 F.2d 226, 232 (8th Cir.1974), *cert. denied,* 419 U.S. 1107, 95 S.Ct. 779, 42 L.Ed.2d 803 (1975); *Commonwealth of Massachusetts v. Connor,* 248 F.Supp. 656, 660 (D.Mass.1966), *aff'd,* 366 F.2d 778 (1st Cir.1966) (per curiam). This statute did not make any substantive change in the law or extend the scope of mandamus relief.

" 'Certainly, Congress did not intend § 1361 to be interpreted so as to allow the extraordinary writ of mandamus to be converted into a device for obtaining piecemeal solution of contractual disputes to which the United States is a party.' " *Doe, supra,* at 94 (citing from *Connor, supra,* at 660).

■ Of course, 28 U.S.C. § 1361, the federal question jurisdictional provision alleged in the complaint, is not a general waiver of sovereign immunity. *Doe, supra,* at 93. It merely establishes a subject matter that is within the competence of federal courts to entertain. It does not expand the power of those courts in terms of the parties over whom it may exercise jurisdiction.

*The nature of the present action*

■ First, although Coggeshall sought an order to compel officers of the United States to perform what it claims is a ministerial duty owed to it by the United States, the real party defendant is the United States. *Mine Safety Appliances Co. v. Forrestal,* 326 U.S. 371, 66 S.Ct. 219, 90 L.Ed. 140 (1945) (the court may analyze the case to determine if suit in reality is against the United States). The relief granted will "expend itself on the public treasury or domain," *Dugan, supra,* 372 U.S. at 620, 83 S.Ct. at 1006, as the order directs the spending of federal funds to upgrade the sewer system to meet Coggeshall's needs. Furthermore, by requiring the expenditure of these funds on this particular endeavor, diverting them from other Navy projects, the district court's order will be a "restrain[t] on the government from acting or [will] compel it to act." *Id.* Finally, there is no allegation, much less proof that the officers in question have acted outside their scope of authority. Thus, the suit falls outside the "specific relief" exception, *Larson, supra,* and is therefore a suit against the United States rather than the named officers.

Second, this is an action for breach of contract, irrespective of how it is packaged. *In re Sucesores de Abarca, Inc.,* 862 F.2d 394, 396–98 (1st Cir.1988) (deed and contract claims treated similarly). This conclusion was recognized by the district court

when it referred to the action as one "seek[ing] ... to enforce the *contractual* easement rights granted ... by the United States in the deed." (emphasis supplied). The court was required to interpret the provisions of the GSA deed and to determine what were the obligations of the Navy vis-a-vis Coggeshall. It was then asked, via mandamus, to order specific performance by the United States of its alleged contractual obligations.

*Last ditch arguments*

■ Coggeshall filed a post-oral argument letter claiming that *Bowen v. Massachusetts,* — U.S. —, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988), and the Government Property Act of 1949, 40 U.S.C. § 471 *et seq.,* support the actions of the district court in this case. The property in question in this appeal was excessed pursuant to the Government Property Act. Coggeshall points to § 489[2] of that statute as supporting the court's jurisdiction in this case. Leaving aside the lateness of these arguments, which were neither pleaded as a basis for jurisdiction nor relied upon by the district court in its decision, we fail to see how either *Bowen* or the Government Property Act help Coggeshall out of its predicament.

That part of *Bowen* quoted by Coggeshall, that "the District Court had jurisdiction in [that] case [because of] the plain language of the relevant statutes, their legislative history and a practical understanding of their efficient administration," 108 S.Ct. at 2726, is precisely why the cited statute is irrelevant. The plain language of § 489 reveals that it refers to remedies that may be *sought by the United States,* not against it. Nothing in the legislative history of that statute nor its plain language points to *any* waiver of sovereign immunity, much less to an "unequivocally expressed" one. *United States v. Testan, supra.* Lastly, any analysis of this situation leads to the conclusion that Coggeshall's proposal causes interference with the Navy's attempt at efficient administration of its property.

Reliance on *Bowen,* although alluring, overlooks two basic differences between

2. 40 U.S.C. § 489 is reproduced in the appendix.

that case and the present appeal. First, *Bowen* was an action under the sovereign immunity waiver provisions of the Administrative Procedures Act. 5 U.S.C. § 702. Such is not the present case. Secondly, and more important, *Bowen* was not an action for breach of contract. It was a suit to review agency action which was claimed to be contrary to federal law. As we have previously indicated, Coggeshall sues for breach of contract and asks specific performance of the contractual conditions.

*Conclusion*

The order of mandamus of the district court is vacated and the action is dismissed for lack of subject matter jurisdiction.

*Vacated and dismissed.*

APPENDIX

40 U.S.C. § 489:

(a) Where any property is transferred or disposed of in accordance with this Act and any regulations prescribed hereunder, no officer or employee of the Government shall (1) be liable with respect to such transfer or disposition except for his own fraud, or (2) be accountable for the collection of any purchase price for such property which is determined to be uncollectible by the Federal agency responsible therefor.

(b) Every person who shall use or engage in, or cause to be used or engaged in, or enter into an agreement, combination, or conspiracy to use or engage in or to cause to be used or engaged in, any fraudulent trick, scheme, or device, for the purpose of securing or obtaining, or aiding to secure or obtain, for any person any payment, property, or other benefits from the United States or any Federal agency in connection with the procurement, transfer, or disposition of property hereunder—

(1) shall pay to the United States the sum of $2,000 for each such act, and double the amount of any damage which the United States may have sustained by reason thereof, together with the cost of suit; or

(2) shall, if the United States shall so elect, pay to the United States, as liquidated damages, a sum equal to twice the consideration agreed to be given by the United States or any Federal agency to such person or by such person to the United States or any Federal agency, as the case may be; or

(3) shall, if the United States shall so elect, restore to the United States the money or property thus secured and obtained and the United States shall retain as liquidated damages any property, money, or other consideration given to the United States or any Federal agency for such money or property, as the case may be.

(c) The several district courts of the United States and the several district courts of the Territories and possessions of the United States, within whose jurisdictional limits the person, or persons, doing or committing such act, or any one of them, resides or shall be found, shall wheresoever such act may have been done or committed, have full power and jurisdiction to hear, try, and determine such suit, and such person or persons as are not inhabitants of or found within the district in which suit is brought may be brought in by order of the court to be served personally or by publication or in such other reasonable manner as the court may direct.

(d) The civil remedies provided in this section shall be in addition to all other criminal penalties and civil remedies provided by law.