**Lillian J. Del Carmen FRANCO DE JEREZ, et al., Plaintiffs, Appellants,**

v.

**Filomeno BURGOS and the United States of America, Defendants, Appellees.**

**No. 91–1182.**

United States Court of Appeals, First Circuit.

Heard Sept. 4, 1991.

Decided Oct. 22, 1991.

---

A. Santiago–Villalonga with whom Nachman & Fernandez–Sein, Santurce, P.R., were on brief, for appellants.

Isabel Munoz Acosta, Asst. U.S. Atty., with whom Daniel F. Lopez Romo, U.S. Atty., Hato Rey, P.R., were on brief, for appellees.

Before BREYER, Chief Judge, ALDRICH, Senior Circuit Judge, and CAMPBELL, Circuit Judge.

---

BAILEY ALDRICH, Senior Circuit Judge.

On October 1, 1985 plaintiff Lillian J. Del Carmen Franco de Jerez, a Dominican, arrived at the San Juan Airport with what was, erroneously, believed to be a doctored passport. As a result she spent the night in the custody of the airline. The next ten days she was kept, incommunicado, in the custody of the Immigration and Naturalization Service (INS), pending judicial proceedings. The facts, in greater detail, will be found in *Lillian J. Del Carmen Franco de Jerez v. Filomeno Burgos*, 876 F.2d 1038 (1st Cir.1989). In December, 1985 plaintiff sued an INS officer, Filomeno Burgos, in a *Bivens* type action,[1] but the Puerto Rico district court granted summary judgment for defendant. In June, 1989 we reversed, *ante*, and ordered trial. In the meantime plaintiff had made a claim for damages against the United States. This was administratively denied in 1988, and in January, 1989 she instituted a Federal Tort Claims action against the government. After our *Burgos* remand the two suits were consolidated for a bench trial. She failed in both. This appeal is only from the second. We affirm.

The original suit, of necessity, asserted constitutional wrongs. The complaint in the second, while asserting, basically, the same underlying facts, made no mention of the constitution, but spoke in terms of negligence of government employees. Missing, however, was an allegation meeting the statute's requirement that, if the government had been a private person, it would have been liable to plaintiff under the "law of the place" where the events occurred. 28 U.S.C. § 1346(b); *Castro v. United States*, 775 F.2d 399, 405 (1st Cir. 1985) (per curiam); *Brown v. United States*, 653 F.2d 196, 201 (5th Cir.1981), *cert. denied*, 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982). Instead of curing this defect, worse was to follow. Prior to trial, a consolidated pretrial statement setting forth their respective positions was executed by all parties. Plaintiffs[2] recited, under the heading, *"Nature of the Action and Jurisdiction,"*

> This is an action (sic) for money damages based on the fact that Filomeno Burgos, an immigration inspector, along with or other immigration guards, deprived co-plaintiff of her liberty without due process of law. *See United States Const. Amend. vs.;* (sic) *Bivens v. Six Unknown Federal Narcotic Agents*, 403 U.S. 388, 397 [91 S.Ct. 1999, 2005, 29 L.Ed.2d 619] (1971) (plaintiff may sue federal officers for violation of constitutional rights); *Davis v. Passman*, 442 U.S. 228, 248–49 [99 S.Ct. 2264, 2278–79, 60 L.Ed.2d 846] (1979) (plaintiff may bring *Bivens* action for Fifth Amendment violation).

Under a later heading, IV. *Issues of Law*, plaintiff uses the words constitution or constitutional four times; due process twice; negligence, never. In her post-trial brief she continued in the same restricted vein,

### The Law

The principles of law applicable to the case at bar were explicitly spelled out by the Court of Appeals in its opinion in this same case in *Franco de Jerez v. Burgos*, 876 F.2d 1038.

There followed a lengthy quotation from the *Burgos* opinion dealing with constitutional principles. This was followed by a discussion of the damages. In a concluding paragraph, after conceding the thinness of the evidence against Burgos, plaintiff asserted that the INS detention guards were responsible for holding plaintiff "incommunicado from October 2d through October 11, 1985, without the right of counsel or able to communicate with her family and relatives ... for which actions the United States of America is held responsible."

Small wonder, under these circumstances, the court made no mention of simple tortious conduct. After reciting the facts, it concluded,

---

1. *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

2. Mrs. Franco's husband was a party, but we ignore him for present purposes.

The dispute before the Court involves two legal issues: whether the defendant Filomeno Burgos is liable for the conditions of Franco's detention under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 38 [388, 91 S.Ct. 1999, 29 L.Ed.2d 619] (1971); and whether the United States government is liable for Franco's conditions of detention pursuant to the Federal Torts Claims Act, 28 U.S.C.A. § 1346(b).

Then, upon finding Burgos not responsible, the court noted that FTCA liability required improper government conduct such as would have made liable a private person under the law of the place where the act or omission occurred, and that violating constitutional rights is not enough.

> [T]he parties' Pretrial Order, Section IV *Issues of Law*, exclusively makes reference to the plaintiff's U.S. constitutional rights. Without a reference to Puerto Rico law, the U.S. government's sovereign immunity cannot be deemed to be waived. Constitutional violations are not actionable under the FTCA. *Castro v. United States*, 775 F.2d 399, 405 (1st Cir.1985). The court therefore concludes that the United States cannot be found liable for Franco's conditions of confinement.

 Plaintiff, as she must, concedes the correctness of this, but contends that the evidence would have warranted a finding of a Puerto Rico tort. Even if that be so, however, it was not open under a pretrial stipulation restricted to a constitutional claim. Whatever looseness may be overlooked in pleadings, stipulations must define the issues, perhaps particularly in suits against the government. *See Coggeshall Development Corp. v. Diamond*, 884 F.2d 1, 3 (1st Cir.1989), quoting *Block v. North Dakota ex rel. Board of University and School Lands*, 461 U.S. 273, 287, 103 S.Ct. 1811, 1819–20, 75 L.Ed.2d 840 (1983). Plaintiff cites many cases to the effect that a pretrial statement may be amended to conform to the proof, but, with the exception of one, unconsidered, dictum, they all have one significant distinction. The change in the pretrial issues was made as a result of a request to the district court.

That is not only significant, it is controlling. It is standard that a case cannot be tried on one theory in the district court, and on another on appeal. *Rodriquez Rodriquez v. Munoz Munoz*, 808 F.2d 138, 140 (1st Cir.1986). This is notably so when the defect was apparent below. It is not too much to expect a party, alerted to a problem, to seek an available remedy forthwith. In the interests of expediency, as well as fairness to the district court, on reading its opinion plaintiff should have moved to amend in the district court rather than come to us. *Vincent v. Trend Western Technical Corp.*, 828 F.2d 563, 570 (9th Cir.1987); *Scott v. Schmidt*, 773 F.2d 160, 163 (7th Cir.1985).

*Affirmed.*