972 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Russell M. ODD, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-35954.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 27, 1992.
Decided Aug. 4, 1992.
 
 Before WRIGHT, FARRIS and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Before the government may be sued, it must waive its sovereign immunity. It has done so here, but only to the limited extent that the challenge is based on procedural rather than substantive errors. The source of the waiver is 28 U.S.C. § 2410, which allows suits based on procedural errors in quiet title actions. Arford v. United States, 934 F.2d 229, 232 (9th Cir.1991); Elias v. Connett, 908 F.2d 521, 527 (9th Cir.1990).
 
 
 3
 Odd asserts a number of other grounds for a broader waiver of sovereign immunity, but we find them without merit. It is well-established that the general jurisdiction statutes do not waive sovereign immunity. See, e.g., Hughes v. United States, 953 F.2d 531, 539 n. 5 (9th Cir.1992). Nor does 28 U.S.C. § 1361, see Coggeshall Development Corp. v. Diamond, 884 F.2d 1, 3 (1st Cir.1989), and § 2463 does not apply. Similarly, 5 U.S.C. § 702 does not constitute an independent waiver of sovereign immunity. Hughes, 953 F.2d at 537. Finally, to the extent that Odd seeks declaratory relief, his suit is barred by 28 U.S.C. § 2201.
 
 
 4
 As for Odd's claim of procedural error, we agree with the district court that Odd failed to bear his burden of responding to the government's admissible evidence establishing procedural compliance. Odd challenges the government's reliance on Form 4340, suggesting it is inadmissible computer-generated hearsay. We considered this issue in Hughes, and had little trouble finding these forms admissible. 953 F.2d at 539-40. For the same reasons, we agree with the district court that Form 23C is admissible. Once the government produced this evidence, Odd had the burden of responding with something more than assertions of error, which he failed to do.
 
 
 5
 We have also carefully considered and now reject Odd's arguments that (1) the court erred by granting summary judgment without providing additional discovery, and (2) summary judgment denied him his right to a jury trial.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3