Tarr v. McNamara                    CV-96-470-JD  11/19/97

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Charles Tarr

    v.                                Civil No. 96-470-JD

Rosemarie McNamara, et al.


O R D E R


The plaintiff, Charles Tarr, brought this action under 42 U.S.C. § 1983 against the defendants, Rosemarie McNamara, Arnold Cummings, Kendall Hughes, and the Town of Ashland, New Hampshire ("Ashland").  The plaintiff also asserts related claims under state law.  Before the court is the motion for summary judgment of defendants McNamara, Cummings, and Hughes on the § 1983 claim (document no. 18).[1]

---

[1]Although the town of Ashland joined in the Defendants' Reply Memorandum in Response to Plaintiff's Objection to Motion for Summary Judgment as to Count 1 (document no. 26), and arguments were made on behalf of the town of Ashland in the defendants' Memorandum of Law in Support of Defendants' Motion for Summary Judgment as to Count 1 (document no. 18), the town of Ashland was not party to the Defendants' Motion for Summary Judgment as to Count 1 (document no. 18), and never joined the motion.  Throughout the remainder of this order the court refers to defendants McNamara, Cummings, and Hughes as "the defendants."

<u>Background</u>[2]

This case arises from defendant Ashland's efforts to replace its police chief after his resignation in 1995. The search for a new police chief was conducted primarily by Rosemarie McNamara, Ashland town manager, and Arnold Cummings, Kendall Hughes, and Scott Weden, Ashland selectmen at the time of the hiring process. All but Scott Weden are defendants in this action. The plaintiff is a sergeant in the Ashland Police Department and an unsuccessful candidate for the position of police chief.

As part of the selection process, the defendants conducted a background check of possible replacements and found that the plaintiff had been accused of domestic violence in the past. After the background check, the defendants chose another candidate for the position. In light of the domestic violence accusation, defendant McNamara asked the town counsel: "The real question is - with a background like [the plaintiff's] why is he still an officer?" Pl.'s Objection to Def.'s Mot. for Summ. J. as to Count 1, Ex. 4 ("Pl.'s Objection").

The defendants informed the plaintiff of their decision and later announced it at a public town meeting which the plaintiff did not attend. In the announcement, the defendants stated that

_____

[2]The facts relevant to the instant motion are either not in dispute or have been alleged by the plaintiff.

2

they had not chosen the plaintiff because he failed to meet certain required stipulations. One such stipulation was revealed to be of a confidential personal nature. Defendant Cummings stated that had he known earlier about "this issue" he would not have supported the plaintiff's promotion to sergeant.

The officials' statements at the public meeting raised much speculation as to the plaintiff's past. The statements have caused members of the public to shun and antagonize the plaintiff, disrupting both the public and private aspects of his life. The plaintiff received anonymous telephone calls accusing him of being a rapist, child molester or drug dealer. People avoid him as a police officer. As a result, the plaintiff has been distraught, experiences emotional and physical suffering, and has had to take disability leave. The plaintiff also asserts that his continued employment as sergeant in the police department has been brought into question by the public's avoidance of him and by the defendants' statements.

In count I of his amended complaint, the plaintiff claims that the defendants have violated both his procedural and substantive due process rights, and asserts a cause of action under 42 U.S.C. § 1983.[3] In counts II, III, IV, and V, the

---

[3]42 U.S.C. § 1983 states, in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom,

plaintiff brings claims for illegal disclosure of personnel[4] matters, defamation, invasion of privacy, and <u>respondeat superior</u> against the town of Ashland, respectively.  The defendants have moved for summary judgment on count I.


<u>Discussion</u>

The role of summary judgment is "to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required."  <u>Wynne v. Tufts Univ. Sch. of Medicine</u>, 976 F.2d 791, 794 (1st Cir. 1992). Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The court must view the entire record in the light most favorable to the plaintiff, "'indulging all reasonable inferences

_____

or usage . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law."  42 U.S.C.A. § 1983 (West 1994).


[4]The plaintiff refers to his claim in count II as both disclosure of "personnel" matters and "personal" matters. <u>Compare, e.g.</u>, Am. Compl. at 7, <u>with</u> Pl.'s Objection at 1.

in that party's favor.'" Mesnick v. General Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990)).

The defendants argue that they are entitled to summary judgment on the § 1983 claim for several reasons. First, they assert that the plaintiff has failed to demonstrate that he was deprived of a constitutionally protected interest under the facts of this case. Second, they assert that the defendants' actions do not violate substantive due process because they do not shock the conscience and there was no deprivation of any property interest. Finally, they argue that they are shielded from liability by the doctrine of qualified immunity. The court discusses these claims seriatim.

I.    Procedural Due Process

To prevail on his § 1983 procedural due process claim, the plaintiff must establish: (1) the existence of a federal constitutional or statutory right, and (2) the deprivation or significant alteration of that right under color of state law. See Watterson v. Page, 987 F.2d 1, 7 (1st Cir. 1993); Paul v. Davis, 424 U.S. 693, 711 (1975). This right or entitlement, once established, constitutes a "property interest" protected by due process guarantees. See Board of Regents v. Roth, 408 U.S. 564,

5

576, 577 (1971).  Such property interests are "difficult of definition."  Paul v. Davis, 424 U.S. at 710.  However, these interests are created and defined by the statutes that give rise to the entitlement.  See Roth, 408 U.S. at 577-578.

The plaintiff asserts that he has a property interest in his employment as a sergeant with the Ashland Police Department.  He bases this contention solely upon New Hampshire law, which provides, in relevant part:  "Any permanent constable or police officer who is either elected . . . or appointed for full-time duty . . . shall continue to hold such office during good behavior, unless sooner removed for cause by the selectmen, after notice and a hearing."  N.H. Rev. Stat. Ann. ("RSA") § 41:48 (1991).[5]

The plaintiff further asserts that his property interest in his employment has been significantly altered by the actions of the defendants, whom he claims violated his right of procedural due process.  Specifically, because of the defendants' statements and the ensuing public reaction, he has been "forced to take disability leave due to [his] emotional and physical response."  Pl.'s Objection at 19.  He alleges that the defendants have

_____

[5]The court assumes without deciding, for the purposes of this order, that the plaintiff was appointed or elected sergeant, and therefore has a property interest in his position.

6

harmed his reputation, stigmatizing him and causing people to decline to deal with him in his official capacity. Finally, the plaintiff alleges that the defendants' comments have placed his current position in jeopardy.

RSA § 41:48, the basis of the plaintiff's property right, provides that the plaintiff will not be terminated "unless . . . for cause . . . after notice and a hearing." Where state law provides only that an employee will not be discharged without cause, and employees are entitled to notice and a hearing, courts in the First Circuit have held that actions short of termination do not constitute a deprivation of a property interest in a job. See Rodriguez Pinto v. Tirado Delgado, 798 F. Supp. 77, 83 (D.P.R. 1992) (employees "have a property right in continued employment and may only be fired for good cause. . . . The problem plaintiff encounters is that he has not been fired, so he has not lost his property interest."), aff'd in pertinent part, rev'd on other grounds, Rodriguez-Pinto v. Tirado-Delgado, 982 F.2d 34 (1st Cir. 1993); see also Cabrero v. Ruiz, 826 F. Supp. 591, 597 (D.P.R. 1993) ("an employee who has not been terminated has not lost a property interest, and therefore cannot claim a violation of his procedural due process rights.") (following Rodriguez Pinto), aff'd sub nom. Muniz-Cabrero v. Ruiz, 23 F.3d 607 (1st Cir. 1994). Here, the plaintiff's employment has not

7

been terminated, and he continues to serve as a sergeant.

Courts have also held that a significant alteration of an individual's employment status may amount to a deprivation of a property interest in a job such that constitutional due process issues are implicated.  See Paul v. Davis, 424 U.S. 693, 711 (1975); Newman v. Massachusetts, 884 F.2d 19, 24-25 (1st Cir. 1989); Silva v. University of New Hampshire, 888 F. Supp. 293, 317-318 (D.N.H. 1994).  The plaintiff seeks to analogize the facts of his case to those of Newman and Silva, and argues that the defendants have substantially altered his property interest in his employment.

In Newman, the plaintiff was a tenured professor at the University of Massachusetts who was accused of plagiarism and severely sanctioned.  See 884 F.2d at 21, 22, 25 n.6.  A letter of censure for an act of "objective plagiarism" and "seriously negligent scholarship" was read to the Faculty Council and College Senate and placed in her file.  Id.  She could no longer vote on degrees awarded and was barred from serving on important university committees or as chair of her department.  See id.

In Silva, the plaintiff was a tenured professor at the University of New Hampshire.  He was accused of sexual harassment and experienced severe sanctions.  See 888 F. Supp. at 317. Shadow classes were organized to allow students to transfer out

8

of his classes.  See id.  A formal letter of reprimand was issued.  See id.  He was suspended from teaching classes for one academic year, and then further suspended without pay for another year.  See id.  His return was made dependent upon fulfilling conditions such as attending counseling.  See id.  As in Newman, the sanctions were "a more than de minimis deprivation of property interests."  Silva, 888 F. Supp. at 318.

In the current case, the plaintiff fails to allege facts that indicate the defendants significantly altered his employment status such that procedural due process issues are implicated.  The plaintiff is still sergeant, and he currently receives a higher salary than he did before the events at issue occurred.  The defendants have not removed any of his responsibilities as sergeant.  He has not been singled out for any loss of benefits.  They have neither sanctioned him, nor taken any official acts that speak negatively of the quality of his work.  The facts of this case are clearly distinguishable from those in Newman and Silva.

Here, the defendants were conducting a hiring process for a position that was independent of the position in which the plaintiff had a property right.  They did not select the plaintiff for the higher position, but retained him in his current job.  When the public response to the defendants'

9

statements caused the plaintiff emotional and physical suffering, which then "forced" him to take disability leave, it did not implicate his property interest in his job. The fact that "people are not as friendly anymore," Pl.'s Objection, Ex. 2 at 143, and prefer not to deal with him, is not sufficient to establish a significant alteration of his property interest. Finally, even assuming a stigma has attached that has adversely affected his reputation, under these facts the defendants still have not violated the plaintiff's due process rights. As the Supreme Court stated in Paul v. Davis:

> Thus it was not thought sufficient to establish a claim under § 1983 and the Fourteenth Amendment that there simply be defamation by a state official; the defamation had to occur in the course of the termination of employment. Certainly there is no suggestion in Roth to indicate that a hearing would be required each time the State in its capacity as employer might be considered responsible for a statement defaming an employee who continues to be an employee.

424 U.S. 693, 710 (1975). The court therefore holds under the facts alleged that no reasonable jury could find a deprivation or significant alteration of the plaintiff's property interests.[6]

---

[6]The plaintiff also raises the argument that the defendants' statements have foreclosed other employment opportunities and have therefore violated his liberty interests. This claim is not properly before the court because the plaintiff's Motion to Amend the First Amended Complaint, in which he sought to add the liberty interest claim, was denied. See Tarr v. McNamara, No. 96-cv-00470-JD, slip op. at 1 (D.N.H. Sept. 12, 1997).

10

Finally, the plaintiff argues that he is entitled to the protections of due process because he faces the possibility of dismissal. The plaintiff asserts that the defendants' actions have drawn his continued employment into question. Specifically, he contends that three things raise the specter of his termination: (1) the statement allegedly made by defendant McNamara, the town manager, to the town counsel asking why the plaintiff is still an officer, (2) the statement made by defendant Cummings that he would not have supported the plaintiff for the position of sergeant had he known about the plaintiff's past, and (3) the public's avoidance of him, causing a public safety threat that further jeopardizes his continued employment. Because the plaintiff faces the possibility of termination, and the defendants have failed to provide him a hearing or other procedural safeguards, he argues that his procedural due process rights are violated.

In support of his argument, the plaintiff relies on the statement in Newman that "[i]t is without question that plaintiff, a tenured professor who faced the possibility of dismissal, was entitled to the protections of due process." 884 F.2d at 23. The plaintiff's reliance on Newman is unavailing. Newman presented a situation where a tenured professor was being reviewed for plagiarism. See 884 F.2d at 23. A special

11

committee and two independent experts were called to review the alleged plagiarism, and the formal review process could have led to severe sanctions including dismissal. See id. at 21, 23. Here, the plaintiff's continued employment is not under review. He does not allege that any procedural actions have been instituted that might result in his dismissal, such as the statutorily required notice and hearing. The court finds as a matter of law that the possibility of the plaintiff's dismissal is so attenuated and speculative that due process issues are not yet implicated. For the reasons stated above, the court grants summary judgment to the defendants on the plaintiff's procedural due process claim.

II. Substantive Due Process

The plaintiff also argues that the defendants have violated his substantive due process rights because they have arbitrarily and capriciously made decisions affecting his employment status. In particular, the plaintiff urges that it was unreasonable for the defendants to disseminate information and jeopardize the plaintiff's job based on an unverified accusation of domestic violence. Moreover, he asserts that defendant McNamara's governmental decisions were unreasonably and erroneously affected by concerns that her actions might expose her family's bus

company to liability.

A plaintiff can establish a substantive due process violation under one of two theories. See Brown v. Hot, Sexy and Safer Prods., Inc., 68 F.3d 525, 531 (1st Cir. 1995), cert. denied, 116 S.Ct. 1044 (1996). Here, because the plaintiff did not assert a deprivation of his liberty interests in a timely fashion, he must demonstrate either 1) a deprivation of a constitutionally protected property interest, or 2) that the state's conduct "shocks the conscience." See id.

The plaintiff fails to establish that he is entitled to relief under either theory. Because the plaintiff has not suffered a deprivation of his property interest, see part I supra, he cannot proceed under the first theory. Moreover, the plaintiff has failed to assert facts sufficient to support any claim that the defendants' actions shock the conscience. The First Circuit has only found conscience-shocking conduct where state actors have engaged in "extreme or intrusive physical conduct." Brown, 68 F.3d at 531 (quoting Souza v. Pina, 53 F.3d 423, 427 (1st Cir. 1995)). Although statements, words, and verbal harassment have not been precluded as a basis for finding conscience-shocking conduct, the threshold necessary to establish such a claim is high. See id. at 532. The court finds that the facts alleged here are not sufficiently egregious to permit any

13

reasonable jury to conclude that the conduct of the defendants shocks the conscience.[7] For the reasons stated above, the court grants summary judgment to defendants McNamara, Cummings, and Hughes on the plaintiff's substantive due process claim.

## Conclusion

The motion for summary judgment of defendants McNamara, Cummings, and Hughes on count I (document no. 18) is granted.[8]

---

[7]Given its findings on the merits of the plaintiff's § 1983 due process claims, the court need not consider the defendants' argument that they are entitled to qualified immunity for their actions.

[8]The plaintiff amended his initial complaint against defendants McNamara, Cummings, and Hughes to add the Town of Ashland as a party vicariously liable for the acts of the individual defendants under a respondeat superior theory. Because the court has found that there is no underlying basis for liability on the § 1983 claim, defendant Ashland can have no derivative liability on the § 1983 claim.

This court can grant summary judgment sua sponte when no genuine issue of material fact exists and two conditions are met: (1) the discovery phase must be sufficiently advanced for the parties to have had a reasonable opportunity to adduce material facts, and (2) the parties must be given appropriate notice and opportunity to present evidence on the essential elements of their claim. See Stella v. Town of Tewksbury, 4 F.3d 53, 55 (1st Cir. 1993). "'Notice' in this context means that the losing party had reason to believe the court might reach the issue and received a fair opportunity to put its best foot forward." See Jardines Bacata, Ltd. v. Diaz-Marquez, 878 F.2d 1555, 1561 (1st Cir. 1989). Here, the individual defendants made a formal motion for summary judgment which was opposed by the plaintiff. The issues for discovery were substantially the same because defendant Ashland's liability was to be derived from the acts of the defendants. Furthermore, the plaintiff's assertion that

14

The court declines to exercise supplemental jurisdiction over the plaintiff's state law claims against all of the defendants.  See 28 U.S.C.A. § 1367(c)(3) (West 1993).  The clerk is ordered to close the case subject to its being reopened upon submission of a properly supported motion to reconsider demonstrating that the plaintiff retains a viable federal claim against defendant Ashland by Thursday, December 4, 1997.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

November 19, 1997

cc:   Charles G. Douglas III, Esquire
      Michael Lenehan, Esquire
      Edward D. Philpot Jr., Esquire

---

defendant Ashland is vicariously liable for the individual defendants' conduct provides the plaintiff with adequate notice that summary judgment on the underlying § 1983 claims against the individual defendants, if appropriate, would also dispose of the plaintiff's derivative § 1983 claim against defendant Ashland.

Moreover, the plaintiff's § 1983 claim against defendant Ashland is barred as a matter of law.  "Respondeat superior or vicarious liability will not attach under § 1983."  City of Canton v. Harris, 489 U.S. 378, 385 (1989).  The plaintiff has not alleged any independent basis for defendant Ashland's liability.  Therefore, the federal claim against defendant Ashland must be dismissed.  However, right is reserved to the plaintiff to file a motion to reconsider dismissal of defendant Ashland on the grounds that a viable federal claim remains against that defendant.

15