**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 09-4337 and 10-2186
_____

SHAHID QURESHI,
                              Appellant

v.

ADMINISTRATIVE APPEALS OFFICE ("AAO") OF THE UNITED STATES
CITIZENSHIP AND IMMIGRATION SERVICES ("USCIS"), U.S. DEPARTMENT
OF HOMELAND SECURITY; ROBERT P. WEIMAN, Chief of the AAO, in his
representative capacity; EVANGELINA A. KLAPAKIS, District Director of the
Philadelphia District of U.S.C.I.S. in her representative capacity; UNITED STATES
IMMIGRATION AND CUSTOMS ENFORCEMENT ("USICE"); JAMES T. HAYES,
Director of USICE, in his representative capacity,

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. Nos. 1:08-cv-02281 and 1:08-cv-02282)
District Judge:  Honorable Christopher C. Conner

_____

Submitted under Third Circuit LAR 34.1(a)
on November 5, 2010

Before: SCIRICA, RENDELL and ROTH, <u>Circuit Judges</u>

(Opinion filed: November 23, 2010)

1

## OPINION

**ROTH,** Circuit Judge:

On December 19, 2008, Shahid Qureshi petitioned for habeas corpus (No. 09-4337) and brought a civil action (No. 10-2186). Both actions challenged the denial of his application for adjustment of status by the United States Citizenship and Immigration Service (USCIS) and sought specific performance of an alleged promise by U.S. government officials to help him become a lawful permanent resident. We have consolidated Qureshi's appeals from orders of the United States District Court for the Middle District of Pennsylvania dismissing his habeas petition and his complaint for lack of subject-matter jurisdiction.

## I. **Background**

Qureshi alleges in his habeas petition and complaint that he is a native and citizen of Pakistan and first entered the United States on March 13, 1974, as a crewman with authorization to stay in the United States until March 25, 1974. When Qureshi stayed beyond this date, he was placed in deportation proceedings. Over the course of the following 14 years, Qureshi was involved in a complicated series of proceedings not relevant here in which legacy Immigration & Naturalization Service (INS) attempted to prosecute or deport him and he attempted by various means to obtain citizenship or asylum.

In 1988, Qureshi (still residing in the United States) approached the Department of

Justice (DOJ) and offered to provide information about a shipment of hashish in exchange for assistance in his immigration case. He was placed in contact with Customs and Drug Enforcement Administration (DEA) agents and provided them information that culminated in the seizure of 400 kilograms of hashish worth approximately $800,000. As a result of his assistance, Qureshi alleges that he was promised that he could remain in the U.S. and would be given a green card (*i.e.*, become a lawful permanent resident). However, Qureshi was never granted lawful permanent resident status.

In 1993, Qureshi was placed in exclusion proceedings and found excludable because he lacked proper entry documents and there was reason to believe that he trafficked in illegal drugs. On September 23, 1993, Qureshi's application for asylum and withholding of deportation was denied and he was ordered excluded and deported from the United States. On appeal, the Board of Immigration Appeals (BIA) reversed the finding that there was reason to believe that Qureshi had been trafficking in illegal drugs, but sustained the order of excludability and deportation. Qureshi does not allege whether he appealed the BIA's ruling to this Court.

In 2002, Qureshi (still residing in the United States) filed an application to adjust his immigration status under the Legal Immigration Family Equity Act, Pub. L. No. 106-553, 114 Stat. 2762, 2762A-142 to 149 (the LIFE Act), which was denied by USCIS in 2004 and affirmed by its Administrative Appeals Office (AAO) in 2008. Qureshi petitioned this Court for review but we dismissed his petition for lack of jurisdiction because he did "not seek judicial review of the decision denying his application for an adjustment of status in conjunction with a final order of removal" as required by 8 U.S.C.

3

§ 1255a(f)(4)(A).  *Qureshi v. U.S. Att'y Gen.*, No. 08-3128, Order at 1-2 (3d Cir. Aug. 28, 2008) (citing *Orquera v. Ashcroft*, 357 F.3d 413, 421 (4th Cir. 2003)).

## II.  Procedural History

On December 19, 2008, Qureshi (who is not in immigration detention and still remains in the United States) filed a petition for habeas corpus and a three-count complaint, naming as defendants USCIS, AAO, U.S. Immigrtation & Customs Enforcement (USICE), and officials from these agencies.  Both the complaint and the habeas petition challenge the AAO's denial of Qureshi's application for adjustment of status under the LIFE Act and seek to enforce promises by DEA and Customs agents to obtain a green card for Qureshi.  The complaint contains claims (1) for review of the USCIS' LIFE Act determination under the Administrative Procedure Act (APA), (2) for a declaration that this determination is contrary to law and that Qureshi is entitled to adjustment of status, and (3) for specific performance of the DEA and Customs agents' alleged promises based on a theory of promissory estoppel.

The District Court dismissed Qureshi's habeas petition, finding that 8 U.S.C. § 1255(f)(4) deprived it of jurisdiction over the petition.  In two separate orders, the District Court dismissed Qureshi's APA, declaratory judgment claims, and his claim for specific performance.  Qureshi timely appealed the District Court's orders in both the habeas and the civil actions and we dispose of both appeals in this opinion.

## III.  Jurisdiction

We have jurisdiction over Qureshi's appeals under 28 U.S.C. § 1291 and we "exercise plenary review over a district court's order dismissing a complaint for lack of

4

subject matter jurisdiction." *Taliaferro v. Darby Tp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006). The defendants' challenge to Qureshi's complaint is a "facial attack" on the District Court's jurisdiction and therefore "we review only whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court." *Id.* (internal quotation marks omitted). "'[F]ederal courts are courts of limited jurisdiction; they exercise only the authority conferred on them by Art. III and by congressional enactments pursuant thereto.'" *In re W.R. Grace & Co.*, 591 F.3d 164, 174 (3d Cir. 2009) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986)). In this case, two congressional enactments limiting the jurisdiction of the federal courts preclude review of Qureshi's claims.

## A. Limitations on Judicial Review Under the LIFE Act

Federal courts have been granted only limited jurisdiction to review USCIS rulings on applications for adjustment of status. *See* 8 U.S.C. § 1255a(f)(1). Judicial review of a denial of an application for adjustment of status is permitted "only in the judicial review of an order of deportation." *Id.* § 1255a(f)(4)(A). Review in conjunction with an order of removal is the "exclusive scheme" for judicial review of a "determination respecting an application for adjustment of status." *Reno v. Catholic Soc. Servs., Inc.,* 509 U.S. 43, 53 (1993). Qureshi has not sought judicial review of his order of removal and § 1255a(f)(4)(A) therefore precludes review of USCIS's denial of his application for adjustment of status.[1] *See Qureshi v. U.S. Att'y Gen.*, No. 08-3128, Order

---

[1]    A petition for review of that order would be untimely in any case. *See Kolkevich v. U.S. Att'y Gen.*, 501 F.3d 323, 337 (3d Cir. 2007) (petition for review of removal order

5

at 1-2 (3d Cir. Aug. 28, 2008).

Qureshi argues that if § 1255a(f)(4) precluded jurisdiction over his habeas petition, it would constitute a suspension of the writ of habeas corpus. *See* U.S. Const. art. I, § 9. In the absence of "a clear, unambiguous, and express statement of congressional intent to preclude judicial consideration on habeas," *INS v. St. Cyr*, 533 U.S. 289, 314 (2001), Qureshi reasons that § 1255a(f)(4) should be read to permit habeas review of his LIFE Act application.

We disagree with Qureshi's initial premise. The Suspension Clause is not implicated when Congress has provided "adequate substitute procedures" in place of habeas review. *Boumediene v. Bush*, 553 U.S. 723 (2008). Congress has provided a substitute for habeas for aliens challenging their removal, in the form of judicial review in the courts of appeals of BIA determinations. *See Kolkevich v. U.S. Att'y Gen.*, 501 F.3d 323, 333 (3d Cir. 2007).

In this case, Qureshi had an adequate opportunity to challenge the legality of the BIA's 1993 final order of removal by petitioning this Court for review. *See Kolkevich*, 501 F.3d at 327-28, 337. His case is therefore different from *St. Cyr* and *Kolkevich*, where the absence of habeas review "threatened to strip criminal aliens of all judicial review" of a final order of removal. *Kolkevich*, 501 F.3d at 332. Here by contrast, Qureshi has already had an opportunity to obtain judicial review of his final order of removal and now seeks habeas review of a separate and unrelated determination on his application for discretionary relief. This does not implicate the Suspension Clause and

pre-dating the REAL ID Act must be filed within 30 days of the passage of the Act).

6

thus the interpretive principle articulated in *St. Cyr* is not applicable.

We therefore adhere to the interpretation of § 1255a(f) we adopted earlier in these proceedings:  Qureshi can only "seek judicial review of the decision denying his application for an adjustment of status in conjunction with a final order of removal." *Qureshi v. U.S. Att'y Gen.*, No. 08-3128, Order at 1-2 (3d Cir. Aug. 28, 2008).  Because Qureshi is not seeking review in conjunction with a final order of removal, § 1255a(f)(4)(A) does not permit judicial review of the denial of his application for adjustment of status.  To the extent that Qureshi's habeas petition seeks such review, the District Court properly dismissed the petition for lack of subject-matter jurisdiction. Similarly, Qureshi's APA and declaratory judgment claims seeking review of USCIS's decision were also properly dismissed for lack of subject-matter jurisdiction.[2]

## B.  Limitations on Judicial Review Under the Tucker Act

The doctrine of sovereign immunity limits federal courts' jurisdiction over claims against the United States.  *See Hercules Inc. v. United States*, 516 U.S. 417, 422-23 (1996).  The Tucker Act limits the jurisdiction of federal courts over contract claims against the United States to claims for money damages.  *See* 28 U.S.C. §§ 1346(a)(2), 1491.  Because Qureshi's promissory estoppel claim sought specific performance, not

---

[2]Qureshi contends that USCIS's denial of his application for adjustment of status is "final agency action for which there is no other adequate remedy in a court," 5 U.S.C. § 704, and therefore subject to judicial review under the APA.  However, the APA's review provisions do not "confer[] authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought."  5 U.S.C. § 702. Because 8 U.S.C. § 1255a(f) sets forth the exclusive process for review of USCIS decisions on applications for adjustment of status, any other form of review – including the review sought by Qureshi here – is expressly forbidden and the APA's general grant of jurisdiction is therefore inapplicable.

money damages, the District Court correctly concluded that this claim was subject to the Tucker Act and that the Act precluded jurisdiction over Qureshi's claim. *See Sea-Land Serv., Inc. v. Brown*, 600 F.2d 429, 432 (3d Cir. 1979); *Coggeshall Dev. Corp. v. Diamond*, 884 F.2d 1, 3 (1st Cir. 1989).

## IV. **<u>Conclusion</u>**

For these reasons, we will affirm the orders of the District Court dismissing Qureshi's habeas petition and complaint for lack of subject-matter jurisdiction.