**Lilliam E. MENDOZA TORO, Plaintiff,**

v.

**Guillermo GIL, Defendant.**

**No. CIV. 00–1846(HL).**

United States District Court, D. Puerto Rico.

July 26, 2000.

Order Denying Motion to Amend. Aug. 15, 2000.

32

Francisco Rebollo–Casalduc, San Juan,
PR, Bamily Lopez–Ortiz, Lopez Toro, Law
and Notary Offices, Hato Rey, PR, for
Lilliam E. Mendoza–Toro, plaintiffs.

Miguel A. Fernandez–Torres, U.S. At-
torney's Office District of P.R., Civil Divi-
sion, Hato Rey, PR, for Guillermo Gil,
defendants.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Plaintiff Lilliam Mendoza Toro, an Assistant United States Attorney, brings this action to enjoin Defendant Guillermo Gil, the interim United States Attorney, from assigning her to prosecute persons charged with trespassing on the United States Navy base in Vieques. She claims that such an assignment would violate her First Amendment rights. She asserts jurisdiction pursuant to 28 U.S.C. § 1331. In an order issued July 11, 2000, the Court ordered Plaintiff to show cause why this claim should not be dismissed on the grounds that this Court lacked jurisdiction to hear it and on the grounds that she failed to state a claim for which relief could be granted.[1] Plaintiff has responded to the order to show cause, and the Government has filed a reply. Additionally, both sides have filed sealed motions. The Court has considered all of these documents, and it is now ready to rule.[2]

### 1. Jurisdiction

In its order to show cause, the Court treated Plaintiff's claim as one brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Plaintiff argues that her claim should not be treated as a *Bivens* action. She claims that this Court has jurisdiction because her claim is one alleging a First Amendment violation.

■ Although there is no statute expressly authorizing a cause of action against federal officers for alleged constitutional violations, a federal officer may be sued for injunctive relief to enjoin the challenged conduct. *See Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 689–91, 69 S.Ct. 1457, 1461, 93 L.Ed. 1628 (1949); Erwin Chemerinsky, *Federal Jur-*

*isdiction* § 9.1, at 568, § 9.2.2, at 593–94 (3rd ed.1999). Such a cause of action, however, must be reconciled with the sovereign immunity doctrine. Under this doctrine, the United States may not be sued unless it has expressly waived its immunity. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *Coggeshall Dev. Corp. v. Diamond*, 884 F.2d 1, 3 (1st Cir.1989).

■ In the present case, the named defendant is not the United States, but Gil, the interim U.S. Attorney. A plaintiff's denomination of the defendant is not dispositive of the question of whether the suit is, in reality, one against the United States. *Larson*, 337 U.S. at 687–88, 69 S.Ct. at 1460–61; *Coggeshall*, 884 F.2d at 3; *Alabama Rural Fire Ins. Co. v. Naylor*, 530 F.2d 1221, 1225 (5th Cir.1976). A cause of action will be considered to be one against the sovereign if "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." *Dugan v. Rank*, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963) (quoting *Land v. Dollar*, 330 U.S. 731, 738, 67 S.Ct. 1009, 1012, 91 L.Ed. 1209 (1947) and *Larson*, 337 U.S. at 704, 69 S.Ct. at 1468 (internal quotations and citations omitted)); *Coggeshall*, 884 F.2d at 3. Here, Plaintiff's case appears to meet this criterion. A judgment in her favor would result in an order compelling her assignment to non-Vieques cases.

■ There is, however, an exception to sovereign immunity when a plaintiff seeks specific relief against a federal officer. *Coggeshall*, 884 F.2d at 3. "Specific relief" includes the recovery of specific monies, ejectment from land, or an injunction against a federal officer. *Larson*, 337 U.S. at 688, 69 S.Ct. at 1460. To qualify

---

1. Docket no. 4.

2. The Colegio de Abogados de Puerto Rico has filed an amicus curae brief in this case.

The Court has reviewed the brief and finds it to be lacking in merit.

for this exception, a plaintiff must claim that the federal officer has acted either in excess of his statutory authority or unconstitutionally. *Dalton v. Specter*, 511 U.S. 462, 472, 114 S.Ct. 1719, 1726, 128 L.Ed.2d 497 (1994); *Malone v. Bowdoin*, 369 U.S. 643, 647, 82 S.Ct. 980, 983, 8 L.Ed.2d 168 (1962); *Larson*, 337 U.S. at 689–90, 69 S.Ct. at 1461–62; *American Policyholders Ins. v. Nyacol Products*, 989 F.2d 1256, 1265 (1st Cir.1993). In the present case, Plaintiff claims that Defendant's conduct is violating her First Amendment rights, and she seeks to have him enjoined from assigning her to prosecute Vieques trespassers. She has plead an allegedly unconstitutional act for which she is requesting specific injunctive relief. Accordingly, the Court has jurisdiction over this matter.

### 2. Failure to state a claim

■ In its order, the Court also ordered Plaintiff to show cause why her claim should not be dismissed for failure to state a claim. In making this review, a court must take as true the plaintiff's well pleaded facts and draw all reasonable inferences in her favor. *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir.1999); *DM Research v. College of American Pathologists*, 170 F.3d 53, 55 (1st Cir.1999). Plaintiff claims that her work assignment violates her First Amendment rights. The Supreme Court has developed two lines of cases to address the First Amendment rights of public employees. *See McEvoy v. Spencer*, 124 F.3d 92, 97–100 (2nd Cir.1997) (comparing the two means of analyzing government workers' First Amendment claims); *Brinston v. Dunn*, 928 F.Supp. 669, 670–71 (S.D.Miss. 1996) (same). One line of cases involves the extent to which the government can take adverse action against an employee because of her political affiliation. *See Rutan v. Republican Party of Illinois*, 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990); *Branti v. Finkel*, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980); *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). The second line involves government employees who claim to

be victims of retaliation taken against them as reprisals for their having spoken out on matters of public concern. *See Rankin v. McPherson*, 483 U.S. 378, 107 S.Ct. 2891, 97 L.Ed.2d 315 (1987); *Connick v. Myers*, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983); *Pickering v. Board of Education*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968).

The problem with Plaintiff's claim is that it does not fit under either of these two line of cases. She does not claim to have suffered an adverse employment action because of her political affiliation. Nor does she claim to have been retaliated against for having spoken out on a matter of public concern. Rather, she claims that she has a First Amendment right to choose not to do a legitimate work assignment. However, she cites to no case law that affords government workers such a right, and the Court is unaware of any jurisprudence that makes such a holding.

■ Plaintiff does invoke part of the three-pronged *Pickering* balancing test to support her cause of action. Under this test, when the government is acting as an employer, it has broader powers to limit speech than it does when it is acting as the sovereign. *Waters v. Churchill*, 511 U.S. 661, 671–72, 689, 114 S.Ct. 1878, 1886, 1890, 128 L.Ed.2d 686 (1994) (plurality opinion). The government should be given wide discretion and control to manage its own internal affairs and personnel. *Connick*, 461 U.S. at 151, 103 S.Ct. at 1692 (quoting *Arnett v. Kennedy*, 416 U.S. 134, 168, 94 S.Ct. 1633, 1651, 40 L.Ed.2d 15 (1974)) (Powell, J., concurring). A public agency need not be run as a roundtable to hear and consider every employee complaint regarding the agency's internal affairs. *Connick*, 461 U.S. at 149, 103 S.Ct. at 1691.

■ At the first prong of the *Pickering* test, a court must determine whether the employee was speaking "as a citizen upon matters of public concern," or "as an employee upon matters only of personal

interest." *Id.* at 147, 103 S.Ct. at 1690; *O'Connor v. Steeves*, 994 F.2d 905, 912 (1st Cir.1993). If the topic is merely a personal matter and not one of public concern, the employment decision will generally not be subject to challenge in federal court. *Connick*, 461 U.S. at 147, 103 S.Ct. at 1690; *O'Connor*, 994 F.2d at 912. A court should not presume that all matters dealt with in a government office are of public concern. To do so would be to make every government employee's remark or criticism the grounds for a constitutional case. *Connick*, 461 U.S. at 149, 103 S.Ct. at 1691. An employee's complaints or grievances regarding personal working conditions are not protected. *Tang v. Rhode Island Dep't of Elderly Affairs*, 163 F.3d 7, 12–13 (1st Cir.1998).

 In the present case, Plaintiff claims that she told her supervisors that she had a moral conflict with prosecuting Vieques cases. Her expression that her personal beliefs prevent her from working on Vieques cases is not a matter of public concern. It is a purely personal matter regarding her attitude towards a particular work assignment. In her response to the order to show cause, Plaintiff misconstrues the illustration utilized by the Court to distinguish between expressions on the Vieques issue and Plaintiff's expressions on her personal feelings on the issue. The Court did not hold in its order to show cause that the Vieques issue is not a matter of public concern. Certainly, it is. However, Plaintiff's speech is not about the merits of the argument over whether the United States Navy should leave Vieques. Rather, her speech is to the effect that she is morally opposed to prosecuting trespassers on Navy property. Her statements or personal feelings vis-à-vis her work assignment are not an issue of public concern. Rather, they are complaints about her work duties.

 To the extent that Plaintiff is arguing that her being forced to work on Vieques cases is itself an infringement of her right to free expression, she is mistaken. Her work as an Assistant U.S. Attorney is not expression protected by the First Amendment. Her personal beliefs do not relieve her of her professional obligation to complete legitimate work assignments. *Cf. Hennessy v. City of Melrose*, 194 F.3d 237, 244 n. 1 (1st Cir.1999) (Public school teacher's religious beliefs did not excuse him from implementing school's legitimate curriculum). Plaintiff's First Amendment rights are not absolute. *See Tang*, 163 F.3d at 11; *Berner v. Delahanty*, 129 F.3d 20, 25 (1st Cir.1997). She does not have a First Amendment right to pick and choose work assignments that suit her moral beliefs. A government lawyer's work on a particular case is not a forum for her to express her personal beliefs. *Cf. Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1071–74, 111 S.Ct. 2720, 2743–44, 115 L.Ed.2d 888 (1991) (In the context of courtroom litigation, an attorney's free expression rights are subject to limitations to which an average citizen would not be); *Berner*, 129 F.3d at 26–28 (Courtroom is a nonpublic forum and therefore prohibitions of political expressions within it are justified); *see also Perry Educ. Ass'n v. Perry Local Educator's Ass'n*, 460 U.S. 37, 44–49, 103 S.Ct. 948, 954–57, 74 L.Ed.2d 794 (1983) (Discussing factors in determining what constitutes a public forum). Plaintiff's legitimate work assignments are duties which she must complete. They are not a means by which she may express her views on political or social issues. Quite simply, Plaintiff does not have a First Amendment right to choose her work assignments.

 In her response to the order to show cause, Plaintiff argues that the second prong of the *Pickering* test favors her position because there would be "minimal potential disruption" if other Assistant U.S. Attorneys instead of her were to be assigned to work on Vieques cases. At this second prong, a court must balance the employee's First Amendment rights, as well as any public interest in the information about which the employee was

speaking, against the government's interest in promoting the efficient performance of the service the government agency seeks to provide through its employees. *Pickering*, 391 U.S. at 568, 88 S.Ct. at 1734–35; *O'Connor*, 994 F.2d at 912. The court should consider the significance of the interests of the employee's speech against the government employer's interests of avoiding unneeded disruptions to its mission of serving the public. *O'Connor*, 994 F.2d at 915. It is the government's dual role of a public employer and the sovereign operating under the First Amendment's constraints which makes this balancing necessary. *Rankin*, 483 U.S. at 384, 107 S.Ct. at 2897. When an agency requires close working relationships to enable it to fulfill its public duties, the public employer's judgment should be afforded a wide degree of deference. *Connick*, 461 U.S. at 151–52, 103 S.Ct. at 1692; *Moran v. Washington*, 147 F.3d 839, 846 (9th Cir. 1998); *Propst v. Bitzer*, 39 F.3d 148, 152–53 (7th Cir.1994). This balancing is a legal question. *Hennessy*, 194 F.3d at 246.

■■■■ The Court disagrees with Plaintiff's application of this second prong of the test. To begin with, a public employee has an obligation to complete legitimate work assignments. As discussed above, her speech regarding her moral conflict is not a matter of public concern, and her work itself does not constitute protectable expression. Additionally, the Court must consider Defendant's interest in ensuring the efficient performance of the U.S. Attorney's Office. *See Pickering*, 391 U.S. at 568, 88 S.Ct. at 1734–35; *O'Connor*, 994 F.2d at 912. The balancing of these factors weighs heavily against Plaintiff. She has a professional obligation to do the work assigned her. Her arguments that the Vieques cases can be reassigned to other lawyers is unavailing. First Amendment jurisprudence does not authorize the Court to analyze the case assignments within the U.S. Attorney's Office and determine which attorney should be assigned what cases. Defendant is entitled to wide

discretion and control to manage the internal affairs and personnel of his office. *See Connick*, 461 U.S. at 151, 103 S.Ct. at 1692. To hold otherwise would allow any disgruntled Assistant U.S. Attorney who is not satisfied with his or her work duties to seek this Court's intervention and involvement in the management and assignment of cases. The Court is unaware of any case law which would support such judicial oversight, and Plaintiff has cited to none. In the context of political patronage, the Supreme Court held, "if an employee's private political beliefs would interfere with the discharge of his public duties, his First Amendment rights may be required to yield to the State's vital interest in maintaining governmental effectiveness and efficiency." *Branti*, 445 U.S. at 517, 100 S.Ct. at 1294. This holding has a resonance here. Plaintiff's private beliefs on Vieques must give way to the Government's legitimate interest in effectively and efficiently carrying out its functions.

■■■■ Plaintiff makes a number of other arguments, none of which are persuasive. She asserts that she must conform her conduct with the Canons of Ethics and that she is thus precluded from working on Vieques cases because she has a conflict of interest. The Court disagrees. The conduct of practitioners in the U.S. District Court for the District of Puerto Rico is governed by the ABA Model Rules of Professional Conduct. Local Rule 211(4)(B); *Schneider v. Colegio de Abogados de Puerto Rico*, 187 F.3d 30, 39 n. 16 (1st Cir.1999) (Lipez, J., concurring). The Model Rules state, "A lawyer's representation of a client . . . does not constitute an endorsement of the client's political, economic, social or moral views or activities." Model Rules of Professional Conduct 1.2(b). Thus, Plaintiff's work on Vieques cases does not necessarily constitute an endorsement by her of the United States Government's position on this issue.

■■■■ The Model Rules do prohibit a lawyer from representing a client when the client's and lawyer's interests conflict.

*Id.* Rule 1.7(b). However, the commentators on this rule indicate that it is intended to address conflicts of pecuniary or professional interests, not a conflict between the attorney's personal beliefs and the client's legal position. *See* Model Rules of Professional Conduct Rule 1.7 comment [6] (1999); 1 Geoffrey C. Hazard, Jr. & W. William Hodes, *The Law of Lawyering: A Handbook on the Model Rules of Professional Conduct* § 1.7:301–1, at 256.2–256.4 (1998). Thus, there is no impediment in the Model Rules which would prohibit Plaintiff from complying with the work assignments she has been given.[3]

■ Plaintiff also argues that she is not objecting to the prosecution of other federal laws or other trespassing cases, but that she only wants to avoid having to prosecute Vieques trespassing cases. As discussed above, she does not have a constitutional right to choose to work on some cases and decline to work on others. She further argues that at the time she applied to be an Assistant U.S. Attorney it was not foreseeable that she would be called upon to work on such cases. Plaintiff again fails to cite to any case law to support her argument. The expectations she had of her job at the time she applied for it in no way delineate the scope of her responsibilities. The fact that the Vieques controversy was not foreseeable at the time she applied for her position has no bearing whatsoever on her duty now to fulfill her professional obligations. There is no right to refuse to work on a case merely because it is novel or unusual.

The Court repeats its holding: Plaintiff has no constitutional right to choose her work assignment. To hold otherwise would allow other Assistant U.S. Attorneys to avoid work assignments merely by alleging that a particular case offends their moral standards. Plaintiff has failed to cite to a single case whatsoever that holds that a government employee has the right that she now claims. In the face of this complete absence of supporting jurisprudence, the Court is compelled to deny the extreme remedy that she seeks.

Lastly, in its order to show cause, the Court noted that attorneys in both the private and public sectors are often "called upon to represent clients and argue positions which may not square with their own personal beliefs." Docket no. 4, at 8. Plaintiff contests this point and argues that while a private attorney may choose not to represent clients with disagreeable positions, a government employee such as herself is denied this "fundamental right." Docket no. 5, at 19. Again, the Court disagrees. If Plaintiff finds that the United States Government policy on the Vieques issue is too opprobrious or onerous for her moral beliefs, she has available the same option as a private attorney: she may choose to cease representing the Government and resign her position. She may not, however, utilize the Constitution and the federal courts to avoid her position's legitimate responsibilities or tailor the duties of her position to make them more palatable to her.

WHEREFORE, the Court finds that Plaintiff's complaint fails to state a claim for which relief could be granted. Accordingly, this case is hereby dismissed. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

## OPINION AND ORDER

Before the Court is Plaintiff Lilliam Mendoza Toro's motion pursuant to Feder-

---

**3.** Attorneys for the federal government are also subject to local laws governing the conduct of attorneys. 28 U.S.C.A. § 530B(a) (West Supp.2000). Thus, Plaintiff is also subject to the Canons of Ethics which apply to attorneys in Puerto Rico's local court system. However, the Canons do not define "conflict of interest" in the way that Plaintiff attempts to do so here. *See* 4 L.P.R.A.App. IX, C. 21 (1998); *see generally Liquilux Gas Corp. v. Berrios, Zaragoza,* 138 P.R.Dec. 850, 857–61 (1995); *In re Orlando Roura,* 119 P.R.Dec. 1, 5–7 (1987); *In re Pizarro Santiago,* 117 P.R.Dec. 197, 202–03, 1986 WL 376799 (1986).

al Rule 59 to alter or amend the judgment entered by the Court on July 26, 2000. In the opinion and order accompanying the judgment, the Court held that she did not have a constitutional right to choose her work assignment at the United States Attorney's Office and that her complaint failed to state a claim for which relief could be granted. Accordingly, the Court dismissed her complaint.[1]

■ A party may invoke Rule 59(e) and ask a court to amend its judgment based on newly discovered material evidence or because the court committed a manifest error of law or fact. *Aybar v. Crispin–Reyes*, 118 F.3d 10, 16 (1st Cir. 1997) (quoting *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996)); *Nat'l Metal Finishing v. BarclaysAmerican*, 899 F.2d 119, 124 & n. 2 (1st Cir.1990). Additionally, the movant may seek to amend the judgment based on an intervening change in the law. *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90–91 n. 3 (1st Cir.1993); *BarclaysAmerican*, 899 F.2d at 124 n. 2.

■ In the present case, Plaintiff does not claim to have newly discovered evidence or that there has been an intervening change of the law. She argues that she is entitled to relief because the Court made erroneous legal conclusions. Her motion, however, merely repeats or rephrases the arguments that she raised in her brief in response to the Court's order to show cause. The Court need not rehash its resolution of these arguments. Instead, the Court reaffirms its holdings in its opinion and order of July 26, 2000, and denies Plaintiff's present motion. The Court does add the following brief comments.

■ First, Plaintiff claims that her statements on her personal feelings about her work assignments are matters of public concern. The Court disagrees. Her comments are more accurately characterized as "personal complaints about working conditions." *Tang v. Rhode Island Dep't of Elderly Affairs*, 163 F.3d 7, 12 (1st Cir.1998). As such, they are not matters of public concern. *Cf. Connick v. Myers*, 461 U.S. 138, 147–48, 103 S.Ct. 1684, 1690–91, 75 L.Ed.2d 708 (1983) (Assistant district attorney's expressions deemed to be "mere extensions" of her dispute over her assignment to another section of the office).

■ Second, Plaintiff cites to cases that support the importance of prosecutorial independence. *See Harrington v. Almy*, 977 F.2d 37 (1st Cir.1992); *United States v. Santiago–Rodriguez*, 993 F.Supp. 31 (D.P.R.1998). It is ironic that Plaintiff would invoke the concept of prosecutorial independence, for she seeks to undermine this very concept with her complaint. She would have the federal judiciary oversee the management of prosecutorial duties within a U.S. Attorney's Office. Such a measure is a classic example of an *infringement* of the concept of prosecutorial independence. Her argument turns the notion of prosecutorial independence on its head. The Court cannot and will not participate in the managerial decisions of the United States Attorney's Office.[2]

■ Third, as part of her argument regarding prosecutorial independence, Plaintiff again raises the issue of a conflict of interest. In its opinion and order the Court noted that the rules on conflict of interest are intended to address conflicts of pecuniary or professional interests.[3] It is true that a conflict may also include a non-pecuniary interest such as close family ties, *see, e.g., In re Grand Jury Proceedings*, 700 F.Supp. 626, 629–30 (D.P.R.

---

1. Docket nos. 13 & 14.

2. Plaintiff also argues that she herself is entitled to "prosecutorial independence" in her desire not to work on Vieques cases. This is a disingenuous use of the phrase. The United States Attorney has prosecutorial independence to operate without interference from the other branches of government. Plaintiff,

an Assistant United States Attorney and an employee of the U.S. Attorney's Office, however, does *not* have prosecutorial independence to avoid the legitimate duties assigned to her by her supervisors.

3. Docket no. 13, at 10.

1988). There is not, however, a conflict merely because an attorney does not believe in her client's position. *See* Model Rules of Professional Conduct 1.2(b) ("A lawyer's representation of a client ... does not constitute an endorsement of the client's political, economic, social or moral views or activities.")

Fourth, Plaintiff claims that only non-Puerto Rican prosecutors should be used to handle the Vieques cases and that she "cannot prosecute another Puerto Rican who is defending something [she] believe[s] in." [4] The Court finds this reference to ethnicity to be egregious. The merits of a particular case are in no way affected by the nationalities of the prosecutor or defendant involved in the case. Moreover, if the United States Attorney were to make work assignments based on the nationality of the prosecutors in his office, he would be engaging in discriminatory conduct. Such discrimination would come much more close to being a constitutional violation than does the conduct of which Plaintiff currently complains.

Lastly, the Court repeats its conclusion from its opinion and order of July 26, 2000. Plaintiff has cited to absolutely no case law to support her claim that she has a First Amendment right to choose not to do a legitimate work assignment. Plaintiff's legitimate work assignments are duties which she must complete. They are not a means by which she may express her views on political or social issues. In the face of a complete absence of supporting jurisprudence, the Court is compelled to deny the extraordinary remedy that she seeks.

In her motion for reconsideration Plaintiff invokes the Framers of the Constitution and utilizes lofty rhetoric as she warns of a "reign of tyranny." The mere fact that a litigant attempts to dress up her cause of action in the raiment of Constitutional parchment will not, by itself, bestow merit on an otherwise frivolous claim. *Cf. Instituto De Educacion Universal v. United States Dep't of Educ.*, 209 F.3d 18, 23 (1st Cir.2000) (noting the futility of trying to make a silk purse out of a sow's ear). For a claim to proceed, it must have support in case law or statutes. Plaintiff has proffered neither in support of her complaint. Her persistence in arguing her case cannot breathe life into an otherwise insufficient claim.

WHEREFORE, the motion to alter or amend the judgment (docket no. 15) is hereby denied.[5]

**IT IS SO ORDERED.**

---

4. Docket no. 15, attached letter of July 7, 2000.

5. In a footnote, Plaintiff attempts to support her case by pointing out that Judge Cerezo's recusal from hearing Vieques cases was never questioned by the Court. *See* docket no. 15, at 6 n.1. This analogy is inappropriate. First of all, it is not the place of one district court judge to question or comment on the decisions of a fellow judge. Second, there is a statute setting forth the guidelines which a judge may use in deciding whether or not recusal is proper in a particular case. *See* 28 U.S.C.A. § 455 (West 1993). There is no analogous statute for an Assistant U.S. Attorney in Plaintiff's position. She does not have a right to decline to do assignments which she finds unappealing.